## SMITH *vs.* TARLTON and FINLEY.

In this state, no written articles are necessary to constitute a copartnership which is to take effect immediately; although a written agreement may be necessary to bind the parties to enter into a future copartnership which is not to commence until after the expiration of a year.

But even where there is a parol agreement to enter into a copartnership at a future day, and specifying the terms of such copartnership, *it seems* that if the parties go into copartnership at the prescribed time, without agreeing upon any new terms, the former parol agreement will be presumed to constitute the terms upon which such copartnership was entered into and carried on.

Real estate purchased with partnership funds, for the use of the firm, although the legal title is in the member or members of the firm in whose name the conveyance is taken, is in equity considered as the property of the firm, for the payment of its debts, and for the purpose of adjusting the equitable claims of the copartners as between themselves.

A copartnership which is entered into and commenced immediately is not invalid, although one of the declared objects of the copartnership is to purchase real estate for the purposes of the firm, and as a site for the transaction of its business.

THIS was an application to dissolve an injunction, upon the matter of the bill only. The object of the bill was to obtain an account and settlement of the concerns of a copartnership which had existed and been carried on between the complainant and the defendants; and to restrain one of the defendants, who was stated in the bill to have misapplied the funds, from selling, disposing of, or intermeddling with the copartnership effects. The bill stated that, by the copartnership agreement, which was by parol, the complainant and the defendants entered into a partnership which was to continue three years; the business of which was to purchase a water privilege and site for a

foundry, in the village of Plattsburgh, and to erect an iron foundry or furnace thereon, and to carry on the business of manufacturing iron-castings, &c., and each of the copartners was to contribute a certain amount of funds to the capital of the firm; that the parties all contributed money to the capital, and a site was procured and a foundry erected thereon, by the copartners, but the title to the land on which the foundry was erected, was taken in the name of the defendants only; and that the foundry business was carried on by the firm until the latter part of August, 1846, when the foundry was sold and the copartnership dissolved, by mutual consent.

*G. A. Simmons,* for the complainant.

*L. H. Nutting,* for the defendants.

THE CHANCELLOR. The misapplication of the copartnership funds, and other violations of duty in relation to the books, property and effects of the firm, by the defendant Finley, appear to make a proper case for the granting of an injunction against him. And I cannot see that there is any validity in either of the objections raised by the counsel of the defendants, to the parol agreement of copartnership.

This was not, as the counsel supposes, an agreement which was not to be performed within one year; so as to require it to be in writing, under the statute of frauds. · But it was the formation of an immediate partnership between the parties, which partnership was to continue three years unless sooner dissolved by the consent of such parties. In this state no written articles are necessary to constitute a copartnership which is to take effect immediately; although a written agreement might be necessary to bind the parties to enter into a future copartnership to commence after the expiration of a year. But even where there was a parol agreement to enter into a partnership at a future day, and specifying the terms of such copartnership, I apprehend that if the parties went into copartnership at the

prescribed time, without agreeing upon any new terms, the former parol agreement would be presumed to constitute the terms on which such partnership was entered into and carried on.

Nor is the objection well taken that this partnership was invalid because a part of the business of the firm was to purchase real estate as a site for the foundry, and to erect a building thereon for the purpose of making iron-castings, &c. The case of *Henderson* v. *Hudson,* (1 *Munf. Rep.* 510,) referred to by the defendant's counsel, was not a case of partnership, or of land purchased with partnership funds for the use of a copartnership firm. It was merely an attempt *to* create a trust, by parol, in lands purchased by an individual in his own name, and with his own funds. But real estate purchased with partnership funds for the use of the firm, although the legal title is in the member or members of the firm in whose name the conveyance is taken, is in equity considered as the property of the firm, for the payment of its debts, and for the purpose of adjusting the equitable claims of the copartners as between themselves. (*Buchan* v. *Sumner, ante, p.* 165.)

The motion to dissolve the injunction must therefore be denied with costs.