## SUPREME COURT.

Elias Root, President of the Marine Bank agt. Roderick Price and others.

Although it is well settled that an action brought by A. B., president of a banking association, is merely a description of the person, and is the action of A. B. individually, yet it is equally well settled that where A. B. thus describes himself, and then avers that *he prosecutes the action for the benefit of the association,* is sufficient to show that the action is prosecuted for and in behalf of the association.

Therefore where in the latter case it is averred that the *plaintiff* is the holder and owner of the note in suit, it is sufficient to show that the banking association is the holder and owner, for whose benefit the plaintiff prosecutes.

*Oswego Circuit, January,* 1861.

C. Rhodes, *for plaintiff.*

A. P. Grant, *for defendant.*

ALLEN, Justice, The action is brought by " Elias Root, President of the Marine Bank, an association organized and doing business under the act entitled ' An act to authorize the business of banking,' passed April 18th, 1838, and the several acts amending the same, who prosecutes this action for the benefit of the said association," and the allegation is, that the note in suit was indorsed and transferred to the plaintiff, and that the plaintiff is the holder and owner of the note, &c.

The defendant denies the transfer to and ownership of the note by the plaintiff. The proof is, that the note was discounted by and belongs to the Marine Bank.

Actions brought by or in behalf of a banking association may be prosecuted in the name of the president thereof, (Act of 1838, § 21; 2 R. S., 5th ed., 560, § 194,) or the action may be brought in the name by which the association is known. (Delafield agt. Kenny, 24 W. R., 345; Carr agt. Mich. Banking Association, 1 Sand., 693.) Both are corporate names; and when the action is brought by the association in the name of its president, and that fact appears, the association is the plaintiff, and may be so referred to in all parts of the complaint and in all proceedings in the action. A simple description of the individual whose name is used as president of the association, is not sufficient to show that the suit is brought for the association. The addition to the name in the title of the cause, and the commencement of the complaint, is but a description of the person of the plaintiff, and the action will be the individual action of the person named. This is well settled, and the result of all the cases cited and relied upon by the defendants' counsel. There is no conflict of authority, and no doubt of the principle decided.

But this case is to be distinguished from all the cases cited, that in this, it is averred that the action is brought for the benefit of the association; that is, it is expressly shown to the court, and certified to the defendants, that

Root agt. Price.

the name of the president is used, *pro hac vice,* as the corporate name of the association, and that the action is the action of the association. This being so, the association suing by its corporate name, it was and is the " plaintiff," and the averment was literally true that the note was transferred to and was owned by " the plaintiff." The allegation is equivalent to an averment that the suit was brought by Root as president, &c.

This is the averment that the judge, in *Gould* agt. *Glass,* (19 *Barb.,* 179,) intimated would have been sufficient to make that action the suit of the commissioners of highways, instead of the individual commissioners. In an action brought by a supervisor, it is sufficient that in the title of the complaint he is described with his official designation, and that in the body of the complaint he refers to it, and alleges that he complains as supervisor as aforesaid. (*Smith* agt. *Levinus,* 4 *Seld.,* 472.) Judge MORSE says, " this is a very plain statement of the capacity in which he sues, and would not mislead any person of common understanding." But it is no more distinct and plain than the averments here, that the suit is prosecuted for the benefit of the association, not by Root as trustee, but under the law authorizing the suit to be brought in that name by the association. If any error has been committed in the description of the contract and indebtedness, and the ownership thereof by the bank, ' is clearly amendable within the case of *Bank of Havana* agt. *Mayer,* (20 *N. Y.,* 355.) But I am of the opinion that the complaint, although not drawn with the utmost accuracy, is nevertheless substantially correct, and that it does with reasonable certainty set out the cause of the action, and the title of the bank to maintain the suit.

Judgment must be given for the plaintiff.

NOTE.—Judgment affirmed by the court at general term in the fifth district, July, 1861.