THE NATIONAL BANK OF SCHUYLERVILLE, Respondent, *v.*
ISAAC VAN DERWERKER et al., Appellants.

THE SAME, Respondent, *v.* PHILIP H. LASHER et al.,
Appellants.

A joint stock association, consisting of seven or more shareholders, is, under
the act of 1849 (§ 1, chap. 258, Laws of 1849), properly sued in the name
of its president.

The judgment in such an action and execution thereon is properly against
the president as such, and they bind the joint property of the association,
not the individual property of the president.

The complaint in an action against O., "President of the Old Saratoga Union
Mercantile Association," alleged that defendant was president of said asso-
ciation, a joint stock association consisting of seven or more stockholders,
and as such president made his promissory note; that when said note
became due it was duly presented "to the said defendant" for payment,
and that said O., as president of said association, defendant, is justly
indebted thereon, etc. *Held,* that the complaint sufficiently alleged the
making of the note by the association; and that the debt thereby created
was owing from it and not from O. personally.

It is not necessary to the existence of such an association that there should
be any subscription in writing by its members; and, although to endure
for longer than one year, it is not within the statute of frauds. The
statute requires no greater formalities in that respect for its formation
than for the formation of an ordinary partnership.

In an action against alleged shareholders in such an association, it appeared
that a meeting of the association was held, the name of the association
agreed upon, a constitution and by-laws adopted, president and directors
appointed, and that under such organization business was conducted for
a considerable length of time, *held,* the proof was sufficient to establish
the existence of the association.

The alleged indebtedness of the association was certain promissory notes,
which were proved to have been signed by the officers of the association
authorized to bind it and discounted by plaintiff, *held,* that it was not
necessary to prove that the money lent was actually applied for the
benefit of the association.

(Argued April 17, 1878; decided September 17, 1878.)

APPEAL from judgments of the General Term of the
Supreme Court, in the third judicial department, affirming
judgments, in favor of plaintiff, entered upon verdicts.

These actions were brought against defendants, alleged

shareholders of " the Old Saratoga Union Mercantile Association," to charge them as such shareholders for certain debts alleged to be owing by it to plaintiff. .

The complaint in each case alleged, in substance, that said association was a joint stock association consisting of more than seven shareholders, including defendants. That plaintiff lent and advanced to the association a sum of money receiving therefor a promissory note signed by W. P. Ostrander, as president of the association, that said Ostrander was president at the time of executing the note, that he made the note for the use and benefit of the company, and was duly authorized so to do, that an action was brought upon said note against the corporation by service of summons upon said Ostrander, its then president, that judgment was duly perfected thereon against said association and execution issued, which was returned unsatisfied.

It appeared upon the trial in each case, in substance, that prior to February 7, 1866, an association existed at Schuylerville, Saratoga county, which had adopted as its partnership name the title of the " Old Saratoga Union Store Association." At that date more than fifty of the members of this association met together and agreed to enter into and form a new partnership under the name of the " Old Saratoga Union Mercantile Association." There were no written articles signed by the members, nor any articles of incorporation or of association, except the constitution and by-laws, a president and directors were elected and the association carried on the business of buying and selling merchandize at Schuylerville for several months. William P. Ostrander was elected president the second year and so continued during all the transactions which form the subject of this controversy. The new association bought out the old association and assumed and agreed to pay certain notes, among which was one to Smith Quick for $1,021.30. A resolution was passed by the directors authorizing the president to borrow money for the business of the association and give notes. In pursuance of this authority, Ostrander borrowed money of the plaintiff for

the association October 12, 1868, and gave two notes of $250 each, signed " W. P. Ostrander, president Old Saratoga Union Mercantile Association." The association kept a bank account with the plaintiff and had occasionally borrowed money on notes similarly executed, the proceeds of these notes were credited to the association in that account, and used by the president to pay the Quick note, actions were brought on these notes in form against " William P. Ostrander, president of the Old Saratoga Union Mercantile Association," judgments were entered thereon and executions issued and returned unsatisfied. The complaints in each case alleged, in substance, that said Ostrander, as president of said association, made his promissory note payable to plaintiff, that said Ostrander was at the time president of the association, that when the note became due and payable it was presented " to defendant " for payment and payment demanded, but the same was not paid, and that said " William P. Ostrander as president of the Old Saratoga Union Mercantile Association defendant, is justly indebted unto the plaintiff thereupon." The judgments were entered by default against " William P. Ostrander, president of the Old Saratoga Union Mercantile Association defendant." The executions followed the judgments.

Further facts appear in the opinion.

*A. Pond,* for appellants. To sustain the case made by the complaint it was necessary to prove the existence of a company having stock divided into shares and stockholders holding and owning the same. (*Kingsland* v. *Braisted,* 2 Lans., 17; 5 Alb. L. J., 19; *Austin* v. *Searing,* 16 N. Y., 117.) An association could not be organized under chapter 258, Laws of 1849, except in writing. (2 R. S. at Large, 140, § 2, sub. 1.) The execution being against the president individually did not bind the property of the association. (4 R. S. [Edm. ed.], 651, § 4; *Robbins* v. *Wells,* 1 Rob., 675; 26 How., 15; *Fanshaw* v. *Kildreth,* 32 Barb., 277; Laws 1853, chap. 162.)

*Charles S. Lester,* for respondents. The summons and title of the action were correct in form. (Laws 1849, chap. 258, § 1; *Corning* v. *Green,* 23 Barb., 33; *Bridenbeker* v. *Hoard,* 32 How., 289; *De Witt* v. *Chandler,* 11 Abb., 459; *Tibbitts* v. *Blood,* 21 Barb., 650; *Witherhead* v. *Allen,* 3 Keyes, 562; *Moore* v. *Brink,* 6 T. & C., 22; *Tiffany* v. *Williams,* 10 Abb., 204; *N. Y. M. Iron Works* v. *Smith,* 4 Duer, 362; *Marshall* v. *B. and O. R. R. Co.,* 16 How. [U. S.], 327; *Bk. of Rochester* v. *Montieth,* 1 Den., 402; *Wright* v. *Hooker,* 10 N. Y., 51; *Fargo* v. *McVicar,* 55 Barb., 437, 438; *Westcott* v. *Fargo,* 61 N. Y., 542; *Niver* v. *Spickerman,* 12 J. R., 401; *Brady* v. *Crary,* 3 Cai., 170; *Delafield* v. *Kinney,* 24 Wend., 345; *Ogdensburgh Bk.* v. *Van Rensselaer,* 6 Hill, 240; *Root* v. *Price,* 22 How., 372; *Vanduzer* v. *Howe,* 21 N. Y., 531, 539; *Allen* v. *Clark,* 65 Barb., 563, 567.) The note set out in the complaint although the individual note of Ostrander being authorized by his associates bound them. (*Bk. of Genesee* v. *Patchen Bk.,* 19 N. Y., 312; *Babcock* v. *Beman,* 1 Kern., 200; *Bk. of N. Y.* v. *Muskingum Bk.,* 29 N. Y., 619; *Dykers* v. *Townsend,* 24 id., 57, 61; *First Nat. Bk.* v. *Hall,* 44 id., 395.)

*Per Curiam.* We have examined with care the points urged by the learned counsel for the appellants against the correctness of the judgments in these cases and find no sufficient reason for reversing them. We think that they should be affirmed. Upon the question as to which there was a difference of opinion in the court below we are not able to assent to the conclusions stated in the memorandum of the dissenting judge. According to the explicit provisions of the statute with regard to suits against associations of more than seven persons, the association known as "The Old Saratoga Union Mercantile Association" was properly sued in the name of its president, and in the action brought against it the summons ran properly against William P. Ostrander, president of "the Old Saratoga Union Mercantile Association," as defendant. (Laws of 1849, chap.

258, sec. 1) ; and there is nothing in the numerous authorities cited by the appellants' counsel to the contrary. Of these, those most in analogy to the present are suits by and against banking corporations organized under the general banking law of 1838. In suits by and against such corporations it has been uniformly adjudged that while the action may be properly brought in the name of the president of the bank, yet the pleading must allege the contract to have been made, the dealing to have been had, or the obligation to have been incurred with the bank itself, and if the allegation is of contract or dealing with the person named as defendant, the president of the bank, it will not be an action by or against the bank but at most by or against such persons individually. (*Delafield* v. *Kinney*, 24 Wend., 345; *The Ogdensburgh Bank* v. *Van Rensselaer*, 6 Hill, 240; *Root* v. *Price*, 22 How. Pr., 372.) It is not necessary to decide whether in this respect there is a distinction, as urged by the respondent's counsel, between banking corporations and ordinary associations of more than seven persons provided for in the act of 1849, and that while a banking corporation must under the express provisions of the statute use *in its dealings* its corporate name and not the name of its president, such is not the case as to these associations ; for we are of the opinion that the complaint in the action against Ostrander, president, etc., did sufficiently set forth a contract made by the association and a liability incurred by it and not by Ostrander personally. It alleges that the *defendant*, the Old Saratoga Union Mercantile Association was a joint stock association, etc., of which Ostrander was president ; that as such president and by the authority of the association, Ostrander made the note, which is set out in full ; that when the note became due it was presented to the said *defendant*, and that the said *defendant* was justly indebted to the plaintiff thereupon. This sufficiently alleged that the note set out was a note of the association and that the debt thereby created was owing from the association and not from Ostrander personally. The recovery therefore in that action was a compliance with the

provision of the statute requiring that judgment should be first obtained against the association. (Laws 1853, chap. 153.) Both the judgment and execution were properly against William P. Ostrander, president, etc., as by the very terms of the act the association could only be sued in the name of its president, and the action having been brought against him as the nominal defendant, the judgment and execution must follow the summons and could only be against him as such president, but bound in accordance with the provisions of the first and third sections, the joint prop-erty of the association and not his individual property. (See Laws 1849, chap. 25$\frac{3}{8}$, §§ 1, 3.)

On the trial of the present actions the existence of the association and its liability for the notes sued upon were sufficiently proved. It appeared that a meeting was held, the name of the association agreed upon, a constitution and by-laws adopted, president and directors appointed, that under such organization business was actually conducted for a considerable period of time. It was unnecessary that there should be any subscription to such association in writing by the members thereof. The statute requires no greater for-malities in that respect for the formation of such associations than for the formation of ordinary partnerships. But as to partnerships although to endure for a longer period than a year, it has been held that they are not within the statute of frauds. (*Smith* v. *Tarlton*, 2 Barb. Ch., 336.)

The notes were proved to have been made by the authority of the association and to have been signed by an officer thereof authorized to bind it. It was not necessary for the plaintiff under these circumstances to show that the money lent by it thereon was actually applied for the benefit of the association, although we think the evidence did prove such fact.

There was no error affecting the judgment in the admission of the evidence of the cashier of his "understanding" that the notes were discounted for the association. This, if improper, could not harm the defendants, as it appeared

without dispute that such was the fact, irrespective of his understanding of it.

The judgments must be affirmed, with costs.

All concur, except MILLER and EARL, JJ., absent.

Judgments affirmed.