HENRY VAN AERNAM, RESPONDENT, *v.* CHARLES W. McCUNE, PRESIDENT OF THE COURIER COMPANY, APPELLANT.

*Action against a joint-stock association — when its corporate character is sufficiently proved — an action for libel will lie against it.*

In this action, brought to recover damages for a libel, the complaint alleged that the defendant "is a joint-stock company or association duly formed, organized and acting under and by virtue of the laws of this State." Upon the trial the defendant admitted, for the purposes of the trial, that "the Courier Company is a joint-stock association, as alleged in the complaint, and that the defendant was its president at the time of the commencement of this action." Subsequently the defendant moved for a nonsuit upon the ground that the action was not of such a nature that it could be maintained against a joint-stock association in the name of its president, and because there was no proof that the company consisted of seven or more shareholders or associates.

*Held,* that the motion was properly denied.

An action for libel will lie against a joint-stock association.

APPEAL from a judgment, entered on a verdict for $2,000, in an action for libel, and also from an order denying a motion for a new trial made on a case and exceptions. The cause was tried February, 1881.

*John C. Milburn*, for the appellant

*D. H. Bolles*, for the respondent.

HARDIN, J. :

Plaintiff's complaint alleges that the defendant " is a joint-stock company or association duly formed, organized and acting under and by virtue of the laws of this State." Upon the trial defendant made an admission, viz: " It is admitted for the purposes of the trial of this action that the Courier Company is a joint-stock association, *as alleged in the complaint*, and that the defendant was its president at the time of the commencement of this action." After proof of the libelous publication in the Courier had been given, defendant gave some evidence in mitigation. In the course of the trial defendant asked for a nonsuit, on two grounds : (1.) Because the action was not of such a nature that it could be maintained

against a joint-stock association in the name of its president or treasurer. (2.) Because if it were such an action there is no proof that the company consists of seven or more shareholders or associates." The motion was denied and defendant excepted.

It is now contended the motion should have been granted, "by reason of the failure to show that the Courier Company consisted of seven or more shareholders or associates." There was no defense in abatement. There was no defense in which it was alleged that McCune was not president of the association named in the complaint. By chapter 258, Laws of 1849, the legislature authorized suits against joint-stock associations to be brought against the president or the treasurer "for the time being of such stock company or association." (See amendments, chap. 455 of Laws 1851; chap. 153 of Laws 1853; chap. 289 of Laws 1867.) Since the act of 1849, and the amendments, the legislature has adopted section 1919 of the Code of Civil Procedure, which incorporates the substance of the previous legislation, in respect to bringing actions "upon any cause of action" against all the associates. It then declares "any *partnership or other company of* persons, which has a president or treasurer *is deemed an* association within the meaning of this section."

We are of the opinion that the action was properly brought against the defendant, and that there was not a failure of proof upon the trial, and that the motion for a nonsuit was properly denied. (*Nat. Bank* v. *Van Derwerker*, 74 N. Y., 234; Code, sec. 1919.) An association of the character shown by the pleadings, admissions and proofs, is liable to an action for libel. (See dissenting opinion of DAVIES, P. J., in *Samuels* v. *Evening Mail Ass.*, 9 Hun, 294, on which the Court of Appeals placed its decision in reversing the majority of the Supreme Court, as appears by memoranda in 75 N. Y., 604.) A leading case to the effect that a corporation is responsible in an action for the publication of a libel, is found in *Philadelphia, Washington and Baltimore Railroad Company* v. *Quigley* (21 How. [U. S.], 202).

In many respects joint-stock associations are like corporations, in other respects they resemble copartnerships. (*Waterbury* v. *The M. Express Co.*, 50 Barb., 157; see, also, article 8, section 3 of the Constitution of the State.)

No other objection being made to the trial, we are led to the

·conclusion by what has already been said, to affirm the order and judgment.

SMITH, P. J., and BARKER, J., concurred.

Judgment and order affirmed.