## BUTLER v. DINAN.

*(Supreme Court, General Term, Second Department. July 22, 1892.)*

1. PARTNERSHIP—BREACH OF AGREEMENT—RECOVERY OF MONEYS ADVANCED.
    Plaintiff advanced money to defendant to be used in a business into which plaintiff was to be received as a partner. The partnership was to be for 10 years; no writing was executed between the parties, and the agreement was therefore void. *Held*, that that fact did not give plaintiff the right to reclaim his advances, if defendant was still willing to comply with the agreement.

2. SAME—ELECTION—ACCOUNTING.
    In such case, on defendant's default, plaintiff could elect to rescind the agreement and recover his advances as money paid, and was not compelled to treat defendant as a partner, and sue for a dissolution and an accounting.

Appeal from circuit court.

Action by David M. Butler against Thomas Dinan. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and CULLEN, JJ.

*Wm. McCauley*, for appellant.

*Calvin Frost*, for respondent.

CULLEN, J. This is an appeal from a judgment entered on the decision of the court without a jury. The action was to recover moneys advanced to the defendant. The point in issue between the parties is narrow. That the moneys sued for were advanced to the defendant is conceded. Both parties agree that the moneys were paid to defendant in contemplation of a partnership to manufacture brick. The plaintiff contends that the agreement was never consummated, and that the defendant refused to receive him into the business. The defendant contends that the parties became and are partners, and that hence plaintiff's only right is to a dissolution and an accounting. The partnership term was to be 10 years. No writing was executed by the parties. This rendered the agreement void. *Wahl* v. *Barnum*, 116 N. Y 87, 22 N. E. Rep. 280. We agree, however, with the counsel for defendant that this did not give the plaintiff the right to reclaim his advances, if, as a matter of fact, the partnership was entered into, or if the defendant was willing to comply with the agreement, and take the plaintiff into partnership with him. But the trial court found, as matters of fact, that the agreement was inchoate and executory; that the parties did not become partners; and that the defendant refused or neglected to give the plaintiff an interest in the business. We think these findings are well justified by the evidence. Upon the defendant's default, the plaintiff might have insisted upon his interest in the business and property of the partnership business, and had the defendant declared a trustee to the extent of that interest. But he was not confined to that remedy. He could elect to rescind the agreement and recover the advances made under it as money paid. This action is therefore properly brought on the facts proven. The judgment appealed from should be affirmed, with costs. All concur.