ERNEST F. PINNER, Respondent, v. NATHAN LEDER, Appellant.

(Supreme Court, Appellate Term, First Department, May Term — Filed June, 1921.)

Partnership — oral agreement —Statute of Frauds — contracts — consideration.

A consent to the cancellation of an oral agreement for a three-year partnership, given by one of the parties at the request of the other, is a sufficient consideration for his promise to pay a certain sum for such consent, and an action lies to recover any balance due thereon.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, sixth district, in favor of plaintiff, after trial by a judge without a jury.

Albert E. Schwartz, for appellant.

Bartholomew B. Coyne, for respondent.

BIJUR, J.    The parties hereto had entered into an oral agreement for a three-year partnership. Before the beginning of the term the defendant desired to withdraw from the contract and agreed to pay plaintiff $800 for plaintiff's consent to defendant's withdrawal. This action is to recover the balance of the $800, $200 having been paid on account.

Defendant, appellant, claims that there was no consideration for his promise to pay the amount sued for because of the familiar principle expressed in *Carpenter* v. *Taylor,* 164 N. Y. 171, 177, that ''A promise by one party to do that which he is already under a legal obligation to perform is insufficient as a consideration to support a contract.'' Appellant seeks to apply this principle to the instant case by reasoning that an oral partnership for three years is void under the Statute of Frauds, and that, consequently, defendant was at liberty to withdraw therefrom at any time. Respondent urges that so recently as in *Sanger* v. *French,* 157 N. Y. 213, 234, doubt has been expressed whether an agreement of partnership is covered by the statute.

It is true that in the opinions in a number of cases some such doubt has been expressed, but it is rather *arguendo.* Whenever the question has arisen directly it seems to me that the decision has always been that the contract falls within the statute. *Wahl* v. *Barnum,* 116 N. Y. 87; *Butler* v. *Dinan,* 19 N. Y. Supp. 950;

33

affd., 139 N. Y. 613. There appears to have been some misunderstanding of the significance of the chancellor's decision in *Smith* v. *Tarlton,* 2 Barb. Ch. 336, which, as I read that case, turned upon the peculiar terms of the contract there under consideration. See also *National Bank* v. *Van Derwerker,* 74 N. Y. 234; *Traphagen* v. *Burt,* 67 id. 30; *Coleman* v. *Eyre,* 45 id. 38. I can see no reason why an agreement for a partnership to continue for more than three years should not be regarded like any other contract which by its terms is not to be performed within one year — in the language of the statute.

There is, however, an altogether different consideration to be taken into account in the instant case. An oral agreement described in the Statute of Frauds is not void in and of itself but only void *under the statute,* and the plea of its invalidity must be affirmatively interposed. In default of such plea it is treated by the courts as perfectly valid. *Porter* v. *Wormser,* 94 N. Y. 431, 450; *Matthews* v. *Matthews,* 154 id. 288, 291, 292. The mere fact that a contract is terminable at the will of one party renders it none the less a contract recognized as valid and subsisting until such determination. See *Hitchman Coal & Coke Co.* v. *Mitchell,* 245 U. S. 229, 251; *Realty Advertising Co.* v. *Englebert Tyre Co.,* 89 Misc. Rep. 371.

In view of this established principle, I am of opinion that the consent of the plaintiff, given at defendant's request, to a cancellation of the contract into which they had entered was sufficient consideration for defendant's promise to pay the sum sued for. I advise, therefore, that the judgment appealed from be affirmed, with twenty-five dollars costs.

GUY and McCOOK, JJ., concur.

Judgment affirmed, with twenty-five dollars costs.