In the Matter of the Estate of OSCAR F. DOUGLAS, JR., Deceased.

Surrogate's Court, New York County, January 13, 1939.

*Roscoe S. Conkling,* for the plaintiff.

*Compton, Dillon & Clark,* for the defendant executor.

DELEHANTY, S. By a prior decision of this court (169 Misc. 716) the cause of action of the plaintiff was dismissed on the ground that it was unenforcible because based upon an alleged oral contract the performance of which was not to be completed before the end of a lifetime. In the answer interposed to the complaint the executor of deceased made a counterclaim for 2,500 shares of the capital stock of a business corporation and asked delivery of such shares and damages for the detention thereof by the plaintiff. A motion is now made by defendant executor for summary judgment in its favor upon that counterclaim.

In brief, the argument is made by the executor that since the design and purpose of the recent amendment (Laws of 1933, chap. 616) to subdivision 1 of section 31 of the Personal Property Law was to prevent the prosecution of claims against the estates of deceased persons, the public policy which the amendment records can be given full effect only if the consideration claimed to have been paid in part performance of an agreement so made void by the statute is recoverable by the estate.

The executor concedes that in respect of every other type of contract unenforcible by reason of the Statute of Frauds the standard rule is that a payment in part performance is not recoverable. (*Butler* v. *Dinan,* 65 Hun, 620; affd., 139 N. Y. 613; *Keystone Hardware Corp.* v. *Tague,* 246 id. 79.) The executor argues that there are basic reasons why a more stringent rule should be applied to agreements made unenforcible because not to be performed within a lifetime. Much that is said on the subject has cogency. It is entirely true that the ordinary case of this sort which arises against an estate of a deceased person has a background which has led the courts in most instances to apply to it the strictest tests. It undoubtedly is the case that in a high percentage of instances the persons who make such claims are so placed in respect of a deceased person's affairs and belongings that opportunities exist to seize property of the dead person and to claim if need be that it was a delivery on account. Other arguments are advanced to support the proposal that complete enforcement of the statute requires denial of the right to retain the consideration alleged to have been received in part performance.

It is contended also that the honest claimant, though deprived of the consideration thus alleged to have been received, would, nevertheless, remain possessed of a right to recover on a *quantum meruit* and so would not be wronged. It is obvious, of course, that the strategic position of the person who actually possesses part of the consideration and is entitled to keep it is far different than that of the person who has none of the consideration but seeks to enforce a claim on *quantum meruit* with the possibility that the statutory bar under section 347 of the Civil Practice Act would be raised to the testimony of the claimant.

The amendment was inserted in the subdivision of section 31 of the Personal Property Law, which already dealt with contracts not to be performed within a year. Its inclusion there negatives the idea that the Legislature had any purpose to depart from the legal standards which had been worked out by the courts in respect of such agreements and others falling within the condemnation of the Statute of Frauds. The place in which the amendment is found requires the contrary assumption, to wit, that the declared general principles respecting part performance were also to apply to cases arising under the amendment.

Argument is made that the cases holding that consideration received in part performance can be retained are based upon the willingness of the party holding the consideration to complete the performance and on the default and refusal to complete by the other party who raises the bar of the statute. It is stated by the executor that such argument is not applicable here since the question never arises until the one party is dead; and so on the instant that it arises the contract either has to be held void from its inception, with all the consideration paid recoverable, or else it has to be held to be fully performed. While the usual case arises only after the alleged promisor is dead, it is wholly possible that the controversy might arise while he lived, and so the argument based on the necessity of assuming his death would fall.

The argument based upon the usual background in these cases also lacks substance when consideration is given to the rules of law applied in the cases of parties engaged in immoral or illegal transactions. The standard attitude of the courts in such cases is to leave the parties where they are found and to refuse aid to either. (*Sheridan* v. *Weber*, 252 App. Div. 398, 403; *Angresani* v. *Tozzi*, 217 id. 642; affd., 245 N. Y. 558; Restatement of the Law of Contracts, § 598; *Sturm* v. *Truby*, 245 App. Div. 357.) If, then, a party to an illegal or immoral bargain could not recover what he paid under it this court should not say that there is granted by the amendment to the Statute of Frauds an affirmative right which would operate in favor of the moving executor here.

For all of the reasons stated the motion for summary judgment must be denied. It is still necessary on this record to try the issue whether, in fact, delivery of the securities was made by deceased to the plaintiff or whether she possessed herself of them under circumstances which constitute no delivery. The denial of this motion does not affect that issue.

Submit, on notice, order accordingly.