EDITH W. BAYREUTHER, Plaintiff, *v.* FIORELLO H. LAGUARDIA, as Mayor, and Others Defendants.

Supreme Court, Special Term, New York County, January 21, 1941.

*Salter & Steinkamp*, for the plaintiff.

*William A. Smith*, for the defendants Joel E. Reinisch, also known as Joseph E. Reinisch, and Armanda Reinisch.

VALENTE, J. The first cause of action is based upon an alleged promise by Richard Reinisch that in the event his wife should predecease him he would at the time of her death designate the plaintiff as the sole beneficiary of whatever sums of money might at his death remain to his credit as a member of the New York City Employees' Retirement System.

There is no denial of the claim made in the moving affidavit that the alleged promise was oral, and that no note or memorandum in writing was ever made. The question presented is whether the alleged promise is void under the provisions of either subdivision 1 or subdivision 7 of section 31 of the Personal Property Law.

The promise is not void under subdivision 7 since it is not a promise " to bequeath property or make a testamentary provision of any kind." A change of a beneficiary of a life insurance policy or of a pension does not constitute the bequeathing of property or the making of a testamentary provision. (*Johnston v. Scott,* 76 Misc. 641; 68 C. J. 624, § 249.)

Subdivision 1 of section 31 renders void an oral promise, " the performance of which is not to be completed before the end of a lifetime." The section does not state whose lifetime. Literally

the language of the subdivision is broad enough to include the lifetime of a person other than the promisor or the promisee. Thus construed, Richard Reinisch's promise would be void under section 31, since it would not be performable within the lifetime of his wife, but only after her death. In the court's opinion, however, the lifetime contemplated by subdivision 1 is the lifetime of the promisor. As stated in *Matter of Block* (258 App. Div. 342) and *Matter of Douglas* (170 Misc. 155, 156), the purpose of the amendment of subdivision 1 and the addition of subdivision 7 was to prevent the assertion of oral claims against the estates of deceased persons. The amendment of subdivision 1 and the addition of subdivision 7 were effected at one time by chapter 616 of the Laws of 1933. The amendment and the addition are to be read together, one being intended to supplement the other. The legislative object was apparently to prevent the assertion of oral claims after the death of the alleged promisor, whether the alleged promise was one to bequeath property or make a testamentary provision (subd. 7) or a promise of a different character whose performance was not to be completed before the end of the promisor's lifetime (subd. 1). It is difficult to conceive of any good reason why the Legislature should have intended to declare void an oral promise whose performance is not to be completed before the end of the lifetime of a person who is not a party to the promise, either as promisor or as promisee. In the absence of a clearer indication that the Legislature had any other intention, the subdivision will be interpreted as referring to the lifetime of the promisor.

It follows that, in so far as the present motion is based upon the Statute of Frauds, it must be denied. .

To the extent that it is sought to dismiss the complaint for insufficiency, the motion is denied as to the first cause of action. It is granted as to the second cause of action since the allegations of that cause fail to establish duress or coercion in a legal sense.

The motion is accordingly granted to the extent of dismissing the second cause of action as insufficient on its face and otherwise denied, with leave to serve an amended complaint within ten days from the service of a copy of this order, with notice of entry. Order signed.