## JAMES BEECHER v. EMANUEL STEIN.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
NO. 2 OF PHILADELPHIA COUNTY.

Argued January 14, 1891—Decided January 26, 1891.

(a) An exclusive license to make and vend a patented article, under a royalty payable quarterly, provided that " the royalty per annum, so to become due and payable as aforesaid, shall not be less than $500 in any one year during the term;" with a provision for a surrender of the license at the end of any current year:

1. The provision was for the minimum amount of royalty to be paid by the licensee in any event.   It was therefore no defence to the recovery of said amount for one year under the license, that the defendant had not made or sold any of the patented articles, and could not have done so at a profit.

Statement of Facts.

Before Paxson, C. J., Sterrett, Green, Clark, Williams, McCollum and Mitchell, JJ.

No. 294 January Term 1890, Sup. Ct.; court below, No. 272 September Term 1886, C. P. No. 2.

On October 30, 1886, James Beecher and Terrence P. Smart brought case against Emanuel Stein.   Issue.

At the trial, on May 8, 1889, the court ruling that the cause of action was not joint but several, the record was amended by striking out the name of Terrence P. Smart, when it was shown that Beecher and Smart held letters patent for a machine in the nature of a "jack,"* to be used in shoring up ditches; that on February 3, 1885, they executed an exclusive license to the defendant to make, use and vend the jack throughout the United States for the full term of the letters patent, under a royalty of fifteen per cent of the net selling price, one half to be paid quarterly to each licensor; the contract containing, also, the following provision:

"And provided also, that the royalty per annum, so to become due and payable as aforesaid, shall not be less than five hundred dollars in any one year during the term hereby granted; and that, in case the royalty on jacks sold under this license by said Stein, his heirs or assigns, should amount to less than that sum in any one year, or that no such jacks should be sold during the quarter year following the expiration of six months from the date of this license, or upon failure to pay any quarterly instalment of said royalty when due, that then, in either of said events, the license and powers hereby granted shall become null and void and revert to said Beecher and Smart, and said Stein shall re-convey the same to them forthwith, on their demand so to do, in writing." . . . . .

The plaintiff adduced evidence to the effect that although there was a demand for the jacks and he had orders for them, yet he never could get the defendant to make any, and claimed to recover one half of $500, the minimum royalty provided, for the year ending February 3, 1886.   The defence was made that the defendant had never made any of the jacks, for the reason, as he alleged, that he had never received any orders for them;

---

* This must be from "Jack," as a personal name, used familiarly.   See that great book, the "Century Dictionary."

Opinion of the Court.

further, that, collateral to the execution of the license contract, the plaintiff had agreed to supply the defendant with patterns, dies, etc., necessary for the making of the jacks, and these, though often requested, he had never supplied.

The court, PENNYPACKER, J., refused to charge, at the request of the defendant, that, under all the evidence, the verdict should be for the defendant,[2] submitted the question of fact as to the collateral agreement, and instructed the jury that the provision of the license contract quoted was one which provided for the minimum amount of royalty, to be paid in any event.[1]

The jury returned a verdict for the plaintiff for $292.50. A rule for a new trial having been discharged and judgment entered, the defendant took this appeal, assigning the refusal of defendant's point[2] and the instruction to the jury,[1] for error.

*Mr. Silas W. Pettit* (with him *Mr. John R. Read*), for the appellant.

Counsel cited: Cromwel's Case, 2 Co. 71 *a*; Paschall v. Passmore, 15 Pa. 295, 307; Addison on Cont., 188; Faunce v. Burke, 16 Pa. 469; Westerman v. Means, 12 Pa. 97; Mathews v. Sharp, 99 Pa. 560; Streeper v. Williams, 48 Pa. 450; Gale v. Nourse, 15 Gray 360; White v. Lee, 3 Fed. R. 222.

*Mr. J. Jos. Murphy*, for the appellee.

PER CURIAM:

This case depends upon the effect to be given to the proviso in the contract between the parties. The proviso is as follows:

"And provided, also, that the royalty per annum, so to become due and payable as aforesaid, shall not be less than five hundred dollars in any one year during the term hereby granted; and that, in case the royalty on jacks sold under this license by said Stein, his heirs or assigns, should amount to less than that sum in any one year, or that no such jacks should be sold during the quarter year following the expiration of six months from the date of this license, . . . that then, in either of said events, the license and powers hereby granted shall revert to the said Beecher and Smart, and said Stein shall re-

Syllabus.

convey the same to them forthwith, on their demand so to do, in writing: and provided, also, that said Stein, his heirs or assigns, shall have the privilege of surrendering this license at the expiration of any current year."

We are of opinion that, under this agreement, the sum of five hundred dollars per year was the minimum royalty which Stein was in any event to pay; that his liability therefor did not depend upon the number of jacks sold; that the provision for a surrender of the license was intended for the benefit of the licensors, who might at their option demand its enforcement, while Stein could relieve himself at the end of any current year, by surrendering the license.

This suit was to recover the minimum amount of license for one year, as stipulated for. It is no defence to such demand that Stein, the defendant, had not manufactured and sold any of the jacks, nor that he found he could not do so at a profit. It may not have been a wise thing to bind himself to pay a royalty of five hundred dollars a year for a thing for which he could not find a market. That was a matter which he should have considered before the contract was made. It cannot avail him as a defence to this action. It follows from what has been said that none of the assignments of error can be sustained.

Judgment affirmed.