### DRUMMOND v. ALTEMUS.

(Circuit Court, E. D. Pennsylvania. January 23, 1894.)

#### No. 25.

LITERARY PROPERTY—LECTURES—INCORRECT PUBLICATION—INJUNCTION.
Complainant, having delivered a series of lectures, caused part of them to be reported in a journal. Defendant copied, partially and incorrectly, the published reports, and sold them in book form under a title importing that the whole series of lectures was there presented in the author's language. *Held*, that on these facts complainant was entitled to a temporary injunction, independently of the copyright law.

This is a bill by Henry Drummond against Henry Altemus to enjoin the publication and sale of a book purporting to contain certain lectures delivered by complainant. Heard on application for a temporary injunction.

Biddle & Ward, for plaintiff.
Josiah R. Sypher, for defendant.

DALLAS, Circuit Judge. From the facts as developed on the hearing of this motion for an interlocutory injunction it appears that the defendant has published, and to a considerable extent has sold, a book purporting to contain certain lectures delivered by the plaintiff, which, in fact, does not present those lectures correctly, but with additions and omissions which essentially alter the productions of the author. This is sought to be justified by the averment that the lectures in question had not been copyrighted, and that their author had dedicated them to the public. The subject of copyright is not directly involved. The complainant does not base his claim to

relief upon the statute, but upon his right, quite distinct from any conferred by copyright, to protection against having any literary matter published as his work which is not actually his creation, and, incidentally, to prevent fraud upon purchasers. That such right exists is too well settled, upon reason and authority, to require demonstration; and, although it is equally well established that an author may, by dedication of any product of his pen to the public, irrecoverably abandon his title, yet, in this case, the fact relied on by the defendant to support his assertion of dedication wholly fails to vindicate the publication complained of. The complainant did send to a journal called the "British Weekly," and permit its publishers to print in its columns, reports of eight of the lectures to which this suit relates, but these did not give, and could not be understood as giving, a full and exact presentation of those particular lectures, and of the remaining four lectures of the series no report of any kind was furnished to the press or placed before the public. The defendant's book is founded on the matter which had appeared in the British Weekly, and, if that matter had been literally copied, and so as not to misrepresent its character and extent, the plaintiff would be without remedy; but the fatal weakness in the defendant's position is that, under color of editing the author's work, he has represented a part of it as the whole, and even, as to the portion published, has materially departed from the reports which he sets up in justification. The title of the book is "The Evolution of Man; being the Lowell Lectures Delivered at Boston, Mass., April, 1893, by Professor Drummond." It is true that all the reports, except one, in the British Weekly, appear under a heading in the same words; but the ordinary reader is not likely to rely upon display lines of a public journal to give a precise indication of the contents of an article to which they are prefixed, whereas such a title as we have in this instance, given to a book in permanent form, may reasonably be, and usually is, relied on as truly stating the nature of its contents. A most important circumstance in this connection is that the defendant, while precisely adopting his title from the headlines of the reports, has so altered their text as to make it appear, contrary to the whole tenor of the reports themselves, that what his book contains is the precise language of the author of the lectures, although, as has been said, it contains only some of the lectures, not all of them, and presents none of them fully or correctly. The complainant's right has been fully made out, and the case shown is manifestly one which calls for the interposition of the court at this stage. An order will be made for a temporary injunction.