## POTT et al. v. ALTEMUS.

(Circuit Court, E. D. Pennsylvania. January 23, 1894.)

No. 26.

LITERARY PROPERTY—PRELIMINARY INJUNCTION.

An author obtained a temporary injunction against the publication, in garbled form, of certain lectures delivered by him. At the same time a

third person to whom he had transferred the copyright also sued to enjoin the same publication. *Held* that, in view of the privity between the plaintiffs in the two suits, the court was not called upon to determine whether the assignee also had a right to a preliminary injunction. and the same would be denied, without prejudice to a renewal of the application

This is a bill by James Pott and others to enjoin Henry Altemus from publishing a book containing incorrect and fragmentary copies of certain lectures by Professor Henry Drummond. Complainant based his right on an assignment of the copyright. Heard on application for a temporary injunction.

Biddle & Ward, for plaintiffs.
Josiah R. Sypher, for defendant.

DALLAS, Circuit Judge. This is a motion for a preliminary injunction. The facts are the same as in Drummond v. Altemus, 60 Fed. 338, in which an opinion will be filed at the same time as this. In that case the title of the plaintiff to relief is founded upon his authorship of the lectures to which both suits relate. In this one, the allegations upon that subject are:

"(5) That the said Professor Drummond has transferred and assigned to the said plaintiffs all right in the above-mentioned Lowell lectures and book, as well as the copyright thereof, as far as the United States of America is concerned. * * * (10) That by the said deceitful and fraudulent publication of the said fragmentary and imperfect extracts from the British Weekly in book form as aforesaid, and by the fraudulent unauthorized additions and variations contained and appearing in the same work by the said defendants, the said Professor Drummond is greatly injured, pecuniarily, and otherwise, in his literary reputation as an author, and the said plaintiffs and the said Professor Drummond are pecuniarily injured through the damage the publication of the said work by the said defendants has caused and continues to cause to the future sale by the said plaintiffs of the genuine book, composed of the genuine Lowell lectures."

I have recently stated, and on several occasions, that, in my opinion, a motion for an interlocutory injunction should not in any case be allowed to operate as a means of obtaining a premature expression, where unnecessary, of opinion by the court upon the merits of the controversy; and that this special relief should not be granted without special reason, but that, except in a clear case and under circumstances requiring the immediate exercise of the restraining power of the court, an alleged right to injunction, as well as all other questions in the cause, should await determination until the coming in of the proofs in the regular way. Williams v. McNeely, 56 Fed. 265.

I do not intend to suggest that the present motion has been made for the purpose of anticipating the final hearing, but, in view of the privity of the plaintiffs in this case with the plaintiff in the other, in which the writ has been allowed, it does not seem to be requisite to consider whether these plaintiffs also would, independently of the circumstances referred to, be entitled to a preliminary injunction. Therefore, no order will be made upon their present application, but the plaintiffs have leave to renew this motion at any time, if they shall be so advised.