HOME INS. CO. v. NOBLES et al.

(Circuit Court, E. D. Pennsylvania. September 27, 1894.)

No. 4.

1. PRELIMINARY INJUNCTION—DENIAL WHERE RIGHT DOUBTFUL.

A preliminary injunction will be denied where, upon conflicting affidavits, and under the law, complainant's right to the relief asked is doubtful.

2. SAME—DENIED WHERE WRONG VOLUNTARILY DISCONTINUED.

A preliminary injunction will not be granted to restrain the further issue of a circular alleged to be detrimental to complainant's business, which contains a statement that the policy holders of complainant company are liable to involve themselves in suits instituted to protect alleged copyrights, there referred to, where it appears by oath of defendant that the issuing of such circulars was entirely discontinued before suit brought, on being advised that the policy holders could not be held liable for infringement.

In Equity.· On motion for preliminary injunction. The facts appear in the preceding case, 63 Fed. 641.

G. Heide Norris and Francis T. Chambers, for plaintiff.

Harrity & Beck, Hector T. Fenton, and F. Pierce Buckley, for defendants.

DALLAS, Circuit Judge. When application for a preliminary injunction was first made, I declined to entertain it because the bill was, in my opinion, defective for want of a necessary jurisdictional averment. That defect has since been cured by an amendment, filed with notice and without objection, and thereupon the motion for preliminary injunction has been renewed. I have care-

fully considered all that the respective counsel have urged upon my attention, but deem it proper to abstain from any premature and unnecessary expression of opinion, and it must be understood that, in disposing of the present matter, nothing is indicated with reference to the conclusion which may be reached upon final hearing. It is sufficient now to say that I am not satisfied that a clear case for granting the relief sought at this stage has been made out. Upon the conflicting affidavits which have been submitted, and under the law as I understand it, the complainant's right to a decree in this proceeding, restraining the defendants "from in any way interfering" with complainant's business, "either by threats or false representations, whether verbal or written, or by any other means whatsoever," is at best very doubtful; and this is enough to require a denial of a preliminary injunction in pursuance of that portion of the prayer of the bill which I have quoted. I would, however, presently order an injunction to restrain any further issuing of the circular annexed to the bill, but for the fact that its use was, voluntarily, wholly discontinued before suit was brought. The statement which it contains, that the policy holders of the complainant company are liable to involve themselves in lawsuits instituted to protect the alleged copyrights there referred to, is wholly unwarranted, and was manifestly injurious to the plaintiff. It greatly exceeds the latitude which is legally permissible in the methods which may be pursued in the strife of business competition. Steamship Co. v. McGregor, [1892] App. Cas. 25. But this wrong, as appears from the affidavits and sworn answer, is not now being committed, and is not threatened. There is no reason to suppose that it will be repeated, and therefore, whatever other remedy the complainant may be entitled to, it cannot be awarded a preliminary injunction. If, as in Celluloid Manuf'g Co. v. Arlington Manuf'g Co., 34 Fed. 324, there was merely "a naked and unsupported promise" not to further violate the plaintiff's rights, I would hold, as was held in that case, that such unsupported promise could be of no avail to avert an injunction. But here we have something more. It is alleged under oath, and without contradiction, "that defendant Nobles issued the circular (Exhibit C) dated August 17, 1894, in good faith, and under a claim of right which he believed, and still believes, is good and valid in law; that he issued very few of said circulars, and discontinued the same entirely before this suit was brought, on being advised that policy holders or users of the copyrighted matter could not be held liable for infringement in merely being in possession of such matter." This statement is not incredible. I am not at liberty to assume that it is false, and if it is true how can it be said that it is reasonably to be apprehended that the circular complained of will be further issued? At this time there is no foundation whatsoever for such apprehension, and therefore, in my opinion, nothing to call for the immediate exercise of the restraining power of the court. Williams v. McNeely, 56 Fed. 265; Pott v. Altemus, 60 Fed. 339. Complainant's motion for a preliminary injunction is denied.