RYAN v. WILLIAMS et al.

(Circuit Court, E. D. Virginia. February 10, 1900.)

PRELIMINARY INJUNCTION—GROUNDS—INVALIDITY OF STATUTE.

A court will not grant a preliminary injunction on the ground of the invalidity of a statute, where the question is one of the important issues to be determined when the case is heard upon the merits, and where it appears that full and complete relief can be afforded complainant by the final decree.

In Equity. Subsequent to the former hearing herein on complainant's application for a preliminary injunction (100 Fed. 172), the general assembly of Virginia passed an act authorizing the consolidation of railroad companies, and fixing the rights of dissenting stockholders. Complainant, by a supplemental bill, set up such statute, alleging its validity, and renewed his application for a preliminary injunction.

Bernard Carter, W. L. Marbury, and D. Lawrence Groner, for complainant.

Cowen, Cross & Bond, Legh R. Watts, Henry & Williams, L. L. Lewis, and Edgar Allan, for defendants.

WADDILL, District Judge. This court, in its written opinion, filed herein on the 15th day of January, 1900, gave its reasons for refusing at that time the injunction prayed for by the complainant, and under the principles therein stated governing the granting or refusal of injunctions does not think that the injunction should now be awarded. The complainant to the present time does not appear to have sustained any damage, and the danger of his so doing in the future, or of such damage being irreparable or irremediable in character, does not sufficiently appear to warrant the court's interposition by the extraordinary remedy of an injunction. In this case,

where a minority stockholder is seeking to enjoin a company of which he is a member and his co-stockholders from doing an act which they conceive to be beneficial to their interest, two things, at least, should appear, viz. that there is urgency for the action, and that the complainant's right to the relief sought is clear. I cannot say that either of these conditions exists. Complainant insists that the defendant the Seaboard & Roanoke Railroad Company cannot consolidate, and that its efforts so to do are ultra vires. The determination of this latter question at this time involves the court's passing upon the validity of the legislation of the states of Virginia and North Carolina on an application for a preliminary injunction. A court should seek rather to carry out than impede the legislative intention, and only in a plain case of invalidity should an act of the legislature be set aside in advance of a hearing on the merits, where that question is one of the important issues involved, and its correct determination can be definitely settled at the final trial. As heretofore declared, I doubt not but that in this suit, comprehensive as it is, with all parties in interest before the court, full and complete relief can and will be afforded complainant, and that regardless of anything contained in the act of the Virginia legislature, passed since its institution, whereby complainant's rights and remedies are sought to be prescribed. The preliminary injunction prayed for will be refused.