### BROOKLYN BASEBALL CLUB v. McGUIRE.

(Circuit Court, E. D. Pennsylvania. June 25, 1902.)

#### No. 42.

1. SPECIFIC PERFORMANCE—CONTRACTS ENFORCEABLE—EFFECT OF OPTION TO TERMINATE.

    A contract which the plaintiff has the option to terminate at any time on giving 10 days' notice will not be specifically enforced in equity against the other party.

2. PRELIMINARY INJUNCTION—SUFFICIENCY OF PROOFS.

    A preliminary injunction should not be awarded in any case where the proofs leave the court in serious doubt respecting the plaintiff's asserted right.

In Equity. On motion for preliminary injunction.

John I. Rogers, for complainant.
Wm. Y. C. Anderson and Wm. Jay Turner, for respondent.

DALLAS, Circuit Judge. 1. The contract upon which this suit is founded provides that the party of the first part (the plaintiff) may end and determine all its liabilities and obligations thereunder upon giving the party of the second part (the defendant) ten days' notice of its option and intention so to do; and in Marble Co. v. Ripley, 10 Wall. 339, 19 L. Ed. 955, it was distinctly held that a contract which the plaintiff may abandon at any time on giving one year's notice is not enforceable in equity. I am aware that with reference to this decision Judge Lowell, in Singer Sewing Mach. Co. v. Union Buttonhole & Embroidery Co., Holmes, 253, Fed. Cas. No. 12,904,

¶ 2. See Injunction, vol. 27, Cent. Dig. § 309.

said: "I cannot think that the court intended to announce any general proposition that they would never enforce a contract which one party had a right to put an end to in a year;" but, with great respect for that learned judge, I feel constrained to accept the clearly-stated ruling of the supreme court, without looking beyond the plain terms in which it was expressed to ascertain its intended meaning. Moreover, Marble Co. v. Ripley has been expressly followed in the case of Sturgis v. Galindo, 59 Cal. 28, 43 Am. Rep. 239, and to the like effect is Rust v. Conard, 47 Mich. 449, 11 N. W. 265, 41 Am. Rep. 720. It has never been expressly overruled by the supreme court, and I do not think that it was impliedly repudiated in Telegraph Co. v. Harrison, 145 U. S. 459, 12 Sup. Ct. 900, 36 L. Ed. 776. In that case the point now in question was not made by counsel nor adverted to by the court; and a quite possible explanation of this is that the plaintiff in that case was not supposed to have had the right to wholly abandon the contract. See page 471, 145 U. S., and page 904, 12 Sup. Ct., 36 L. Ed. 776. In short, I am of opinion that the decision in Marble Co. v. Ripley is binding upon this court, and is determinative of the present motion.

2. A preliminary injunction should not be awarded in any case where the proofs leave the mind of the court in serious doubt respecting the plaintiff's asserted right, and the testimony and affidavits submitted for and against the present application do not establish with reasonable certainty that the breach of contract of which the plaintiff complains could not be adequately compensated at law. The evidence adduced is by no means conclusive upon the question whether the services which the defendant contracted to render were so unique and peculiar that they could not be performed, and substantially as well, by others engaged in professional baseball playing, who might easily be obtained to take his place.

The motion for a preliminary injunction is denied.