EMPIRE CIRCUIT CO. v. JERMON.

(Circuit Court, E. D. Pennsylvania. August 2, 1905.)

No. 4.

INJUNCTION—BREACH OF CONTRACT—PRELIMINARY INJUNCTION—GROUNDS FOR DENIAL.

Where, in a suit to restrain the breach of an alleged contract, the proof on an application for a preliminary injunction left the question of the existence of the contract in doubt, and it was also doubtful whether

a determination of the suit on its merits in plaintiff's favor was reasonably probable, the preliminary injunction will not be granted.

[Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Injunction, § 309.]

Hearing for Preliminary Injunction.

R. W. Archbald, Jr., Rankin D. Jones, and Simpson & Brown, for complainant.

James F. Campbell and Julius C. Levi, for respondent.

HOLLAND, District Judge. This is a motion for a preliminary injunction to restrain the respondent from hindering or preventing the use of the Lyceum Theater, in the city of Philadelphia, for burlesque shows by companies with which the plaintiff contracted to appear thereat, and from the use of said theater for any other show or theatrical business of any and every other character than as arranged and contracted by the plaintiff.

The plaintiff's right to such an order depends upon the question of whether a certain writing, dated May 23, 1905, is an existing contract between the parties. It is set forth as such by the plaintiff in its bill, and the defendant denies that it is an existing contract; that it never was consummated, but was only a proposal by defendant, and, while signed by him and the president of the plaintiff company, was not approved by the plaintiff company's board of managers.

The defendant offered in evidence a letter as follows:

"Cincinnati, Ohio, June 1, 1905.

"Mr. John C. Jermon, Philadelphia, Pa.—Dear Sir: Subject to approval of George W. Rife and J. Bolton Winpenny, will arrange to give you burlesque shows at Lyceum Theater, Philadelphia, Pa., for one year, renewable from year to year for four additional years, conditioned upon your putting up $15,000.00 cash, at beginning of each and every year, and complying with terms of your proposition of May 22, 1905. In case of destruction of Lyceum Theater, said shows can be transferred to Bijou Theater on terms agreeable to J. Bolton Winpenny and George W. Rife.

"Yours truly,                                       Empire Circuit Company.
                                                          "James J. Butler, Pres."

This letter refers to "terms of * * * proposition of May 22, 1905," but from the evidence it is clear that Mr. Butler was referring to the writing of May 23, 1905, set forth in plaintiff's bill. Plaintiff claims there had been a meeting in Philadelphia at which the writing of May 23d was drawn and signed as a binding contract. The defendant avers that subsequently plaintiff and defendant went to Cincinnati to place the matter before the board of directors of the plaintiff company. The latter refused to accept the contract unless defendant put up the $15,000 in cash at the beginning of each year, and that the president wrote the letter above set forth to defendant.

It is a very fortunate circumstance that the documentary evidence submitted is sufficient to enable the court to dispose of this motion. From the evidence it appears that the action of both parties in the matter was not such as to enable the court to rely upon the statement of either. While the plaintiff claims the letter of June 1st

refers to some other contract, this is denied by defendant. Whichever may be right in this contention, the existence of the letter leaves the question of the existence of the contract in such doubt that an injunction will not issue. High on Injunctions, § 1106.

A preliminary injunction will not be granted where the proofs leave the court in serious doubt respecting the plaintiff's asserted right, or where, upon hearing upon the motion, it is not apparent that the ultimate determination of the suit in favor of the plaintiff is reasonably probable   Pepper & Lewis Digest, vol. 9, col. 14089; Home Insurance Company v. Nobles (C. C.) 63 Fed. 642; Brooklyn Baseball Club v. McGuire (C. C.) 116 Fed. 782; Mitchell v. Colorado Fuel and Iron Co. (C. C.) 117 Fed. 723.