## CITY OF SACRAMENTO v. SOUTHERN PAC. CO. et al.

(Circuit Court, N. D. California. September 3, 1907.)

### No. 14,006.

INJUNCTION—PRELIMINARY INJUNCTION—RIGHT IN GENERAL.

Where an answer not only puts in issue all the material averments of the bill, but fully negatives its equity, whatever the rights of the parties may ultimately be found to be on final hearing, the complainant is not entitled to a preliminary injunction, except it appear either that irreparable injury will result from its denial or that some special or peculiar circumstances exist to warrant a departure from the rule.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 319.]

In Equity. On motion for preliminary injunction.

R. Platnauer and A. A. De Ligne, for complainant.
Devlin & Devlin, for defendants.

VAN FLEET, District Judge. An attentive examination of the pleadings and the affidavits used at the hearing, in the light of the very full and thorough presentation of the matter by counsel for both sides, discloses no fact to take the case out of the general and well-settled rule that when, as here, the sworn answer fully and positively, in unequivocal terms, denies all the material allegations of the bill on which the complainant's asserted equity rests, a preliminary injunction will be denied, or, if previously granted, will be dissolved. High on Injunctions, §§ 698, 1505; Home Insurance Co. v. Nobles (C. C.) 63 Fed. 642; St. Louis, K. C. & C. Ry. Co. v. Dewees (C. C.) 23 Fed. 691.

The bill seeks to enjoin the defendants from proceeding with the construction of a certain platform or structure in course of erection by them at the commencement of the suit, on a strip of ground near the river front of the complainant, particularly described, and alleged to be a part of Front street, one of the public streets of the municipality, and which structure it is alleged is of a character to constitute an obstruction to the free use of said street and as such a public nuisance; and it is asked that the defendants be required to remove such obstruction and be perpetually enjoined from digging into, tearing up, or otherwise interfering with any portion of the premises in dispute. The verified answer of the defendants not only denies categorically that the strip involved is a part of Front street, or that said street is being in any manner obstructed by them, but sets up affirmatively that the disputed premises is wholly outside the limits of Front street, or any other street in the city, and lies between the west line of said Front street and the east bank of the Sacramento river (which defines the boundary of the city on the west), and constitute a part of the levee system of said city on its water front; and it is alleged that defendants and their predecessors in interest have, for more than 30 years, under the sanction of franchises and ordinances duly granted and passed by the authorities of the city and a confirmatory act of the Legislature of the state (all of which are set out and alleged to be still in full force and effect), occupied and had possession of the

premises in dispute, with other portions of said water front and levee, for general railroad and shipping or transportation purposes, with right to erect thereon railroad tracks, wharves, sheds, platforms, and other structures appropriate for the purpose; that no objection has ever been interposed by complainant to such use, nor has it ever raised any question as to the validity of said franchises or ordinances or the rights claimed thereunder by defendants prior to the commencement of the suit. But it is alleged that, to the contrary, the complainant has permitted defendants and their predecessors in interest to rest upon the existence of the said ordinances and franchises, and to expend large sums of money in the construction and maintenance of such railroad tracks, sheds, platforms, and other structures hereinbefore referred to, and that complainant is in equity and good conscience now estopped to maintain the present action, or to assert that the ordinances referred to are not in full force and effect, or in any way to interfere with or enjoin the defendants from exercising the rights granted and secured to them by the terms thereof.

It thus appears that the answer not only puts in issue all the material averments of the bill, but fully negatives its equity; and it is therefore obvious, under the rule above stated, that whatever the ultimate rights of the parties may, upon a final hearing of the suit, be found to be, the plaintiff is not entitled to a preliminary injunction, except it appear either that irreparable injury will result or that some special or peculiar circumstances exist to warrant a departure from the rule. No such circumstances are disclosed, nor is there anything to indicate that any material injury whatsoever, not already accrued, will result to the complainant's interests from the alleged acts of the defendants. In fact, there is no serious question made by complainant as to any damage that is to result from defendants' use of the premises pending the action; its principal contentions being as to the validity or limitations of the ordinances under which defendants claim, and as to whether, in fact, the property involved is a part of the public street. But these are questions which, while involved in the final determination of the case, may not properly be discussed at this time, since they cannot be determined upon this motion. Ryan v. Williams (C. C.) 100 Fed. 177.

All that is to be determined here is the question as to the complainant's right, in the present state of the pleadings and under the facts presented at the hearing, to have the defendants' threatened acts restrained pending final determination; and it is clear from the showing made that complainant is not entitled to that relief.

For these reasons, the motion for an injunction pendente lite will be denied, and the temporary restraining order heretofore granted by the state court on the filing of the bill therein will be dissolved. An order will be entered accordingly.