## CINCINNATI EXHIBITION CO. v. MARSANS.

(District Court, E. D. Missouri, E. D.    July 1, 1914.)

### No. 4314.

1. INJUNCTION (§ 60*)—SUBJECTS OF PROTECTION—RESTRAINING BREACH OF CONTRACT.

A written contract, by which complainant employed defendant as a ball player for certain specified periods at a fixed compensation, on condition that it should have the right to discharge him on ten days' notice, followed by part performance by defendant and payment therefor, is based on a valuable consideration and valid, and a term of the contract by which defendant covenanted not to render such service to others during its continuance is also valid and binding and may be enforced by injunction.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 117–119; Dec. Dig. § 60.*]

2. INJUNCTION (§ 14*)—GROUNDS OF RELIEF—IRREPARABLE INJURY.

Where the refusal of an injunction may, and probably will, inflict great damage upon the complainant, which is likely to be irreparable, while by a bond or otherwise defendant may be saved from loss or injury if it is granted, the injunction should be granted.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 14; Dec. Dig. § 14.*]

In Equity.    Suit by the Cincinnati Exhibition Company against Armando Marsans.    On motion for preliminary injunction.    Motion granted.

John Galvin and Ellis G. Kinkead, both of Cincinnati, Ohio, and George H. Williams, of St. Louis, Mo., for plaintiff.

Dwight D. Currie, of St. Louis, Mo., for defendant.

SANBORN, Circuit Judge.    [1] The plaintiff offered the defendant a contract to employ him for certain specified periods at a fixed compensation on condition that it should have the right to discharge him upon ten days' notice, and the defendant accepted that offer in writing.    This made a valid and binding contract, especially after the defendant entered upon the performance of the contract and received the compensation there specified during a part of the term.    The plaintiff's contract and the payment of the wages for this part of the term constitute a valuable consideration for the agreement.    It is a settled rule of law that where a person agrees to render services that are unique and extraordinary, and which may not be rendered by another, and has made a negative covenant in his agreement whereby he promises not to render such service to others, the court may issue an injunction to prevent him from violating the negative covenant in order to induce him to perform his contract.    The facts of this case seem to me to bring it under this rule.

[2] Another established rule of equity is that, where the refusal of an injunction may, and probably will, inflict great damage upon the plaintiff which is likely to be irreparable if the injunction is refused, while by a bond or otherwise the defendant may be saved from loss

or injury if it is granted, an injunction may be and ought to be granted to hold the parties and the situation in the same condition in which it was at the time of the attempted breach of the contract until there may be a trial of the issues the suit presents. This case falls under this rule of law, and the order of the court will be that an injunction issue against the defendant forbidding him from rendering his services as a ball player to any one other than the complainant until the final decision

that the plaintiff gives a bond in the sum of $13,000 with ample security to pay any damages that may result to the defendant from the issue of this injunction.

Let the order for the injunction and the injunction also provide that they shall cease to have effect and become dissolved whenever the complainant

and pay the defendant according to its terms.