REALTY ADVERTISING & SUPPLY CO. v. ENGLEBERT TYRE CO.

(Supreme Court, Appellate Term, First Department. March 4, 1915.)

CONTRACTS (§ 10*)—MUTUALITY—PROVISION FOR CANCELLATION.

An executory contract for advertising, providing that the advertising company had the right to cancel the agreement at any time prior to its expiration on giving the other party five days' notice, was not void for lack of mutuality.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 21–40; Dec. Dig. § 10.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the Realty Advertising & Supply Company against the Englebert Tyre Company. From a judgment of the Municipal Court for plaintiff, defendant appeals. Affirmed.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Clarence B. Campbell, of Brooklyn, for appellant.

Bond & Babson, of New York City (Walter H. Bond, of New York City, of counsel), for respondent.

SHEARN, J. This action was brought upon an executory contract for advertising. The contract provided:

"The party of the first part [plaintiff] shall have the right to cancel this agreement at any time prior to its expiration upon giving to the party of the second part at least five days' notice."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Defendant refused to furnish any advertising, and, when sued, claimed that the contract was unilateral, void, and unenforceable for lack of mutuality because of this cancellation provision.

The mere fact that one party reserves the right to terminate a contract upon notice does not deprive the contract of the element of mutuality. McCall Co. v. Wright, 133 App. Div. 62, 117 N. Y. Supp. 775, affirmed 198 N. Y. 143, 91 N. E. 516, 31 L. R. A. (N. S.) 249. The cases in equity involving cancellation clauses in baseball players' and actors' contracts are not in point. In equity there is a distinction between a mutuality in the obligation of contracts and a mutuality of remedy under them. While the reservation of the right to cancel a contract may deprive the party for whose benefit it is made of relief in equity in the nature of specific performance, it does not render the contract void. This is a mere action at law upon a valid contract. The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.