# CENTRAL TRUST COMPANY OF ILLINOIS, AND TRUSTEE OF RHEINSTROM, *v.* LUEDERS.

## APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 445.   Motion to dismiss submitted October 12, 1915.—Decided October 25, 1915.

The provision in § 4 of the Act of January 28, 1915, c. 22, 38 Stat. 803, making judgments and decrees of the Circuit Courts of Appeals in bankruptcy proceedings final except on *certiorari* by this court, applies to all cases including those involving and requiring interpretation of state statutes and application of the Federal Constitution.

Appeal from 221 Fed. Rep. 829, dismissed.

THE facts, which involve the jurisdiction of this court of appeals in bankruptcy proceedings from the Circuit Court of Appeals under § 4 of the Act of January 28, 1915, are stated in the opinion.

*Mr. Walter A. DeCamp, Mr. Dudley V. Sutphin, Mr. Leo J. Brumleve, Jr., Mr. Edward F. Peters* and *Mr. Paul V. Connolly* for appellees, in support of the motion.

*Mr. Lessing Rosenthal, Mr. Charles H. Hamill, Mr. Leo F. Wormser, Mr. Judson Harmon, Mr. Edward Colston, Mr. A. W. Goldsmith* and *Mr. George Hoadly* for appellants, in opposition to the motion:

The jurisdiction of this court, conferred by § 241, Jud. Code (as construed in *Houghton* v. *Burden*, 228 U. S. 161, 165), has not been divested by the Amending Act of January 28, 1915.

Where an Act of Congress is directed to a class of cases which had so increased in number as to impose a burden of litigation upon this court, the Act will be given effect

in the light of the object of its enactment and will not be construed as a limitation upon the jurisdiction of this court in a case not belonging to that class, even though the operation of the Act must be restrained within narrower limits than its literal words import. *United States* v. *Am. Bell Tel. Co.,* 159 U. S. 548; *Petri* v. *Commercial Bank,* 142 U. S. 644, 650; *Holy Trinity Church* v. *United States,* 143 U. S. 457, 459; *United States* v. *Rabinowich,* 238 U. S. 78.

Where the correctness of a judgment of the Circuit Court of Appeals depends upon the construction or application of the Constitution of the United States, the defeated party, provided it has asserted its constitutional rights from the outset, is entitled, as of right, to a reexamination of the judgment by this court, even though the decree of the District Court was rendered sitting in bankruptcy. *Spreckels Sugar Co.* v. *McClain,* 192 U. S. 397.

Memorandum opinion by MR. JUSTICE McREYNOLDS, by direction of the court.

The I. Rheinstrom & Sons Company was adjudged a bankrupt in April, 1912. Liens upon its property were claimed by appellees under a Kentucky statute which appellants (general creditors) maintained contravened the Fourteenth Amendment to the Constitution of the United States. Overruling the Referee, the District Court allowed the liens (207 Fed. Rep. 119) and this action was approved by the Circuit Court of Appeals, March 2, 1915, in an opinion which expressly upheld the validity of the statute (221 Fed. Rep. 829). Appellees have moved to dismiss the present appeal.

Section 4, Act of Congress, approved January 28, 1915, c. 22, 38 Stat. 803, 804, provides: "That the judgments and decrees of the circuit courts of appeals in all proceed-

ings and cases arising under the bankruptcy Act and in all controversies arising in such proceedings and cases shall be final, save only that it shall be competent for the Supreme Court to require by certiorari, upon the petition of any party thereto, that the proceeding, case, or controversy be certified to it for review and determination, with the same power and authority as if taken to that court by appeal or writ of error; but certiorari shall not be allowed in any such proceeding, case, or controversy unless the petition therefor is presented to the Supreme Court within three months from the date of such judgment or decree."

Manifestly, the words of the quoted section include the decree below and inhibit an appeal therefrom. It is argued, however, that they should be so construed as to exclude causes requiring interpretation of state statutes and application of the Federal Constitution and thereby limited in effect to the supposed purpose of Congress to relieve this court only from the necessity of reviewing bankruptcy cases which "involve complicated questions of fact rather than of law." We see no reason to doubt that the plain language of the enactment aptly expresses the fixed legislative intent. The appeal is accordingly

*Dismissed for want of jurisdiction.*