# WILLIAM R. STAATS COMPANY ET AL. *v.* SECURITY TRUST AND SAVINGS BANK, TRUSTEE.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 608. Motion to dismiss. Submitted January 10, 1917.—Decided March 6, 1917.

A suit brought by a trustee in bankruptcy under § 60b of the Bankruptcy Act to set aside an unlawful preference is a controversy arising in a bankruptcy proceeding.

In such controversies, judgments and decrees of the Circuit Courts of Appeals which might otherwise have come within the general appellate powers of this court as defined by the Judicial Code are, by the Act of January 28, 1915, 38 Stat. 804, made final, and this court may review them only by certiorari.

Appeal to review 233 Fed. Rep. 514 dismissed.

The case is stated in the opinion.

*Mr. Jefferson P. Chandler* and *Mr. W. T. Craig* for appellee, in support of the motion.

*Mr. H. W. O'Melveny, Mr. Alexander Britton* and *Mr. Evans Browne* for appellants, in opposition to the motion.

Memorandum opinion, by direction of the court, by MR. JUSTICE DAY.

This is a motion to dismiss the appeal in a suit brought originally in the United States District Court for the Southern District of California by the Security Trust and Savings Bank, as trustee in bankruptcy of the estate of Fielding J. Stilson Company, against William R. Staats Company and Title Insurance and Trust Company, the complaint alleging that the Stilson Company was adjudged a bankrupt on October 24th, 1912; that the Stilson Company made and delivered to the Title Insurance and Trust Company a deed of trust for certain realty, situated in the City of Los Angeles, to secure an indebtedness in the sum of $3,870.00, due by the Stilson Company to the Staats Company; that the effect of this conveyance was to enable the Staats Company to receive a greater percentage of its indebtedness than other creditors of the same class, and that the conveyance was made with a view to giving a preference, in violation of the Bankruptcy Act, and a decree was prayed declaring the conveyance void and of no effect.

The suit was brought by authority of § 60b of the Bankruptcy Act of 1898. On issues made, the case was referred to a special master, who found the conveyance by the Stilson Company to the Title Insurance and Trust Company to have been made and received as security for an indebtedness in the sum of $3,870.00, then due by the Stilson Company to the Staats Company and that the same was an unlawful preference within the meaning

of the Bankruptcy Act. Upon exceptions to the master's report, the District Court overruled some exceptions and sustained others, and dismissed the complaint. An appeal was taken to the Circuit Court of Appeals for the Ninth Circuit, which court reached the conclusion that the conveyance in question was a preference within the meaning of the Bankruptcy Act, reversed the decree of the District Court, and remanded the case to that court with directions to enter a judgment in favor of the complainant. 233 Fed. Rep. 514. Afterwards an appeal from this decree of the Circuit Court of Appeals was allowed to this court.

We think it is plain that this appeal must be dismissed. The decree of the Circuit Court of Appeals was made final by the Act of Congress of January 28, 1915, 38 Stat. 804, and the only right of review in this court is by writ of certiorari. This act provides: "That the judgments and decrees of the circuit courts of appeals in all proceedings and cases arising under the Bankruptcy Act and in all controversies arising in such proceedings and cases shall be final, save only that it shall be competent for the Supreme Court to require by certiorari, upon the petition of any party thereto, that the proceeding, case, or controversy be certified to it for review and determination, with the same power and authority as if taken to that court by appeal or writ of error; but certiorari shall not be allowed in any such proceeding, case, or controversy unless the petition therefor is presented to the Supreme Court within three months from the date of such judgment or decree."

The language of this act is very comprehensive, and embraces proceedings and cases arising under the Bankruptcy Act and controversies arising in such proceedings, and provides that the judgments and decrees of the Circuit Court of Appeals in such controversies, proceedings and cases shall be final. The case now under con-

sideration is a controversy arising in a bankruptcy proceeding. *Hewit* v. *Berlin Machine Works*, 194 U. S. 296; *Coder* v. *Arts*, 213 U. S. 223; *Tefft, Weller & Company* v. *Munsuri*, 222 U. S. 114; *Barnes* v. *Pampel*, Circuit Court of Appeals, 6th Circuit, 192 Fed. Rep. 525.

We find no merit in the contention that, after the passage of the Act of 1915, appellate proceedings in this court in such suits as this should continue to be controlled by the general provisions of the Judicial Code. This statute manifested the purpose of Congress to relieve this court from the necessity of considering cases of this character, except when brought here by the writ of certiorari. *Central Trust Co.* v. *Lueders*, 239 U. S. 11; *Shattuck, Trustee,* v. *Title Guaranty & Surety Co.*, 239 U. S. 637.

It follows that the motion to dismiss this appeal for want of jurisdiction must be granted.

*Appeal dismissed.*