### MERCHANT v. DAIRYMEN'S LEAGUE, Inc., et al.

(Circuit Court of Appeals, Third Circuit. December 27, 1923.)

### No. 2964.

1. **Courts ⬅356—Conformity statute does not apply to bills of exceptions in federal courts.**

   The conformity statute (Rev. St. § 914 [Comp. St. § 1537]), is not applicable to bills of exceptions in federal courts.

2. **Exceptions, bill of ⬅43(1)—Court without power to sign bill after expiration of time beyond the term fixed by rule of court.**

   A rule of court permitting the filing of bills of exceptions within the first 20 days of the next term, where judgment is rendered near the close of a term, is effective only within the time limited to displace the general rule that the court loses jurisdiction to sign such bills with the close of the term, unless the time is specially extended.

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Action at law by Thomas B. Merchant against the Dairymen's League, Inc., and another. Judgment for defendants, and plaintiff brings error. On motion to dismiss writ of error. Granted.

Robert S. Hudspeth, of Jersey City, N. J., for plaintiff in error.
Josiah Stryker, of Newark, N. J., for defendants in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. This is a motion to dismiss a writ of error because the bill of exceptions was not signed within the term at which the judgment was entered. The pertinent dates are the following:

The case was tried and judgment entered in the District Court at the April Term, 1922. Nothing was done at the September Term, 1922. At the November Term following, the plaintiff sued out a writ of error, and fifteen days later he presented a bill of exceptions to the trial judge. On the same day the bill of exceptions was settled and signed.

Thus it appears that a full term had intervened between the term at which judgment was entered and the term at which the bill of exceptions was allowed. Further, it appears that the court's control over the case beyond the term had not been extended by special order. Its authority to settle and sign a bill of exceptions at a later term must, therefore, depend on some standing rule of court. And such rule, the plaintiff in error maintains, the District Court has. This is Rule 23. It provides that:

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"The rules of practice and procedure shall, except when otherwise provided by the statutes or by the rules prescribed by the Supreme Court of the United States or by these rules, be the same as the rules of practice and procedure in the Court of Chancery and in the Supreme Court of the State of New Jersey, in so far as they may be applicable."

[1, 2] Regarding the Conformity Act\ (Rev. Stat. § 914; Comp. Stat. § 1537) as the basis of this rule, the plaintiff in error cites rules of New Jersey courts which differ from the common law rule that, unless extended by special order, a bill of exceptions must be allowed and signed at the term of the judgment. But this cannot help him for two reasons: First, the Conformity Act is not applicable to bills of exceptions in federal courts, Blisse v. United States (C. C. A.) 263 Fed. 961; and, second, the District Court has a standing rule of its own on the subject. This is Rule 29. It provides that:

"In all cases where judgment or decree is entered within twenty days' of the closing of the term, the time for filing a bill of exceptions and making any and all motions necessary to be made within the term at which such judgment or decree is entered shall be, and hereby is, extended twenty days after the opening of the next term and the term shall be considered as extended for such purpose."

Obviously, this rule was framed in full recognition of the general rule of law that, unless extended by special order, a trial court loses control over a judgment after the term at which it was rendered—and especially after a writ of error has been sued out in an appellate court —and it was framed with especial regard for the authorities which sustain the rule. Michigan Insurance Bank v. Eldred, 143 U. S. 293, 298, 12 Sup. Ct. 450, 36 L. Ed. 162; O'Connell v. United States, 253 U. S. 142, 146, 40 Sup. Ct. 444, 64 L. Ed. 827; Exporters v. Butterworth-Judson Co., 258 U. S. 365, 368, 42 Sup. Ct. 331, 66 L. Ed. 663; Wyss-Thalman Co. v. Maryland Casualty Co. (C. C. A. 3d) 193 Fed. 53, 113 C. C. A. 383; Blisse v. United States (C. C. A.) 263 Fed. 961.

Rule 29 of the District Court enlarges somewhat the common law rule in order to meet difficult situations which sometimes arise when a judgment is rendered at a late period in a term. But beyond the time for signing a bill of exceptions thus extended the general rule prevails. It follows that the record offered in this case is not a statutory record and, therefore, the writ of error must be dismissed.