### MEURER STEEL BARREL CO., Inc., v. MARTIN.

(Circuit Court of Appeals, Third Circuit. October 1, 1924.)

No. 3110.

1. **Contracts ☞10(1)—Contract not void at law because terminable by one party on notice.**

A contract otherwise valid is not void for want of mutuality of obligation, because terminable by one party on notice, and an action at law will lie for its breach, though because of such provision it may not be specifically enforceable in equity.

2. **Contracts ☞10(1), 47, 57—Consideration necessary; mutual promises must be mutually binding; mutuality of obligation not always essential to validity.**

Consideration is essential to the validity of a contract, and where there is no other consideration mutual promises must be binding on both parties; but where there is any other consideration, mutuality of obligation is not essential.

3. **Contracts ☞10(1)—Mutuality of obligation.**

A contract does not lack mutuality merely because its obligations are unequal, nor because every obligation of one party is not met by an equivalent counter obligation of the other party.

4. **Patents ☞209(1)—License contract held valid.**

A contract by which plaintiff, owner of a patent, granted a license to practice the invention during the life of the patent, for which the other party was to pay royalties, but reserved the right to terminate the contract on 60 days' notice, *held* valid, and to support an action at law to recover royalties due thereunder.

5. **Exceptions, bill of ☞40(1)—Rule of court held to extend term for purpose of settling bill of exceptions.**

A rule of the District Court, fixing a period within which "a writ of error or an appeal may lie," *held* to operate as an extension of the term for the purpose of settling and signing bills of exceptions.

In Error to the District Court of the United States for the Western District of Pennsylvania; Frederick P. Schoonmaker, Judge.

Action at law by the Meurer Steel Barrel Company, Inc., against Charles A. Martin, receiver of the Pennsylvania Iron & Steel Products Company. Judgment for defendant, and plaintiff brings error. Reversed.

William F. Knox, and Moorhead & Knox, all of Pittsburgh, Pa., for plaintiff in error.

Thorp, Bostwick, Stewart & Reed, of Pittsburgh, Pa. (Charles M. Thorp, Jr., and W. D. Stewart, both of Pittsburgh, Pa., of counsel), for defendant in error.

Before WOOLLEY and DAVIS, Circuit Judges, and RELLSTAB, District Judge.

WOOLLEY, Circuit Judge. The plaintiff brought this action in assumpsit to recover damages from the defendant for breach of a contract wherein the plaintiff, owner of Letters Patent No. 891,895, had granted the defendant a non-exclusive licence to practice the invention for the life of the patent upon payment of royalties of not less than $5,000 a year, terminable by the plaintiff upon sixty days' written notice. The parties stipulated the facts, waived a jury and tried the case to the court. It appears from the stipulation that the defendant manufactured under the contract, paid some royalties, and, on going into the hands of a receiver, defaulted for the balance; that the plaintiff claimed royalties for two years aggregating $10,000 against which it credited payments of $445 and admitted a counterclaim of $5,135, leaving $4,419.50 as the balance due. The court found the license agreement void for want of mutuality of obligation because terminable on notice at the will of the plaintiff, and, under Pennsylvania practice, entered judgment for the defendant in the amount of its counterclaim. The plaintiff sued out this writ of error, raising the single question whether the court erred in so construing the contract.

[1] In discussing this question it should be noted that it arose in an action at law, not in an action in equity, and that the thing sought by this action is damages for a breach of contract, not equitable relief by specific performance. With this in mind we feel that the court fell into error in failing for the moment to distinguish between want of mutuality as a ground for invalidating a contract and want of mutuality as a ground for denying the equitable remedy of specific performance.

There is a recognized difference in law between the validity of a contract containing a provision for its termination by notice and the enforcement of such a contract in equity. The cases hold generally that a contract terminable on notice (if otherwise valid) is not for that reason void for want of mutuality of obligation, and for breach thereof an action will lie at law although the same contract may not, because of such provision, be enforcible in equity. Realty Advertising & Supply Co. v. Englebert Tyre Co., 89 Misc. Rep. 371, 151 N. Y. S. 885; McCall v. Wright, 198 N. Y. 143, 91 N. E. 516, 31 L.

R. A. (N. S.) 249; Philadelphia Ball Club v. Lajoie, 202 Pa. 210, 51 A. 973, 58 L. R. A. 227, 90 Am. St. Rep. 627; Cincinnati Exhibition Co. v. Marsans (D. C.) 216 F. 269; Brooklyn Baseball Club v. McGuire (C. C.) 116 F. 782.

[2, 3] As affecting the validity of a contract the distinction is based not upon equality of obligation but upon mutuality of consideration. As an unilateral contract is not founded on mutual promises, the doctrine of mutuality of obligation is inapplicable to such a contract. It is applicable, however, to a bilateral contract containing mutual executory promises because there both parties are bound by reciprocal obligations and the promise of one is the consideration for the promise of the other. If for any reason the promise of one party is not binding upon him, it is not a sufficient consideration for the promise of the other and the contract is void for want of consideration. Velie Motor Car Co. v. Kopmeier, 194 F. 324, 114 C. C. A. 284; Bernstein v. W. B. Mfg. Co., 238 Mass. 589, 131 N. E. 200. The terms "consideration" and "mutuality of obligation" are sometimes confused. "Consideration is essential; mutuality of obligation is not unless the want of mutuality would leave one party without a valid or available consideration for his promise. The doctrine of mutuality of obligation appears therefore to be merely one aspect of the rule that mutual promises constitute considerations for each other. Where there is no other consideration for a contract, mutual promises must be binding on both parties. But where there is any other consideration for the contract, mutuality of obligation is not essential." Moreover, a contract does not lack mutuality merely because its terms are harsh or its obligations unequal, or because every obligation of one party is not met by an equivalent counter obligation of the other party. 6 R. C. L. 686–692.

So, as we have said, where the obligation of each party is supported by a consideration moving from the other, mutuality of obligation is not wanting and such a contract, otherwise valid, is enforcible at law. Such a contract, though valid, is not, however, always enforcible in equity. If, for instance, an entirely valid contract contain a provision for its termination by one party on notice to the other, though enforcible at law, courts of equity will not, because of such provision, enforce it by granting equitable relief, as specific performance, but will leave the aggrieved party to his remedy at law. This is because the court will not grant equitable relief on a contract where one party can nullify its action by exercising his reserved power to terminate it. Rust v. Conrad, 47 Mich. 449, 11 N. W. 265, 41 Am. Rep. 720. And this extends to both parties on the principle that when from any cause "a contract is incapable of being enforced against one party, that party is equally incapable of enforcing it specifically against the other." Marble Co. v. Ripley, 77 U. S. (10 Wall.) 339, 359, 19 L. Ed. 955; Southern Express Co. v. Western N. C. R. Co., 99 U. S. 191, 200, 25 L. Ed. 319. In the latter case the very strong assertion is made that "a court of equity never interferes when the power of revocation exists." The fact that equity will deny relief in such a case does not mitigate against the validity of the contract or prevent its enforcement at law. This is because "there is a distinction between mutuality in the obligations of contracts and mutuality of remedy under them. While a reservation of the right to cancel a contract may deprive the party for whose benefit it was made of relief in equity in the nature of specific performance, it does not render the contract void." Realty Advertising Co. v. Englebert Tyre Co., 89 Misc. Rep. 371, 151 N. Y. S. 885; Fowler Utilities Co. v. Gray, 168 Ind. 1, 79 N. E. 897, 7 L. R. A. (N. S.) 726, 120 Am. St. Rep. 344; Marble Co. v. Ripley, supra; Southern Express Co. v. Western N. C. R. Co., supra.

[4] Turning to the contract in suit our first inquiry is directed to its validity. Except for the clause enabling the licensor to terminate the contract on sixty days' notice its validity is conceded. Being a contract of license under a patent, certainly we are not concerned with the terms of royalty. If they are harsh and the licensee was unwise in agreeing to them it is bound nevertheless. Beecher v. Stein, 139 Pa. 570, 21 A. 79. The licensee also agreed to the termination of the license at the will of the licensor on relatively short notice. If this is a valid provision he is bound by it too. Such provisions in contracts otherwise valid (that is, where there is no lack of consideration), have not been permitted to invalidate the contracts. Central Trust Co. v. Chicago Auditorium Association, 240 U. S. 581, 36 S. Ct. 1, 60 L. Ed. 811, L. R. A. 1917B, 580; McCall v. Wright, 198 N. Y. 143, 91 N. E. 516, 31 L. R. A. (N. S.) 249; Corbet v. Oil City Fuel Supply Co., 21 Pa. Super. Ct. 80. This is particularly true of oil and gas leases to which a patent license bears resemblance. In these contracts the lessor

—sometimes the lessee—reserves the right arbitrarily to terminate the lease on notice. When otherwise valid the courts have almost uniformly sustained them, although holding divergent views as to whether equitable relief thereunder will be granted. Brewster v. Lanyon Zinc Co., 140 F. 801, 72 C. C. A. 213; Guffy v. Smith, 237 U. S. 113, 35 S. Ct. 526, 59 L. Ed. 856; Lindlay v. Raydure (D. C.) 239 F. 928; Poe v. Ulrey, 233 Ill. 56, 63, 84 N. E. 46.

Applying these observations to the instant case it appears that the parties, "in consideration of the mutual obligations hereinafter mentioned * * * and of the sum of $1.00 * * * by each of the parties to the other in hand paid, and receipt whereof is hereby acknowledged, * * * agreed as follows:" From this it is seen that the consideration moving from each party to the other was their mutual obligations and also the sum of $1.00 paid by each to the other. What were these obligations? The plaintiff, owner of the patent, granted the defendant a license with the right reserved to terminate it on sixty days' notice. The license therefore was for the life of the patent or for a period not less than sixty days. Under the terms of the contract what was the plaintiff licensor bound to do? It was bound to suffer the defendant to practice the invention of the patent, and this it did. It was bound to pay the defendant $1.00. This also it did. The defendant, in turn, bound itself to pay a substantial minimum royalty for the balance of the patent term. On its face and in the light of subsequent events this looks like an unwise undertaking; but we have nothing to do with the wisdom of contractual undertakings; we are concerned only with the fact that the defendant entered into the contract in full understanding of its meaning and in full realization that it could be terminated by the licensor on short notice. Of course, with the ending of the contract the payment of royalties would stop. As we read this instrument we find ample consideration, moving from each party to the other, to support their respective obligations. When executed the contract was mutually enforcible. The licensor could have required the licensee to pay royalties so long as the contract was operative or pay damages and, had the licensor hesitated or objected, the licensee could have practiced the invention of the patent for at least its minimum term. On breach of the contract by either party a suit at law would lie by the other party. And this is what happened.

1 F.(2d)—44

We are of opinion that the contract is valid and its enforcement at law is not barred by a defense which goes to a remedy in equity

[5] The defendant in error moved to dismiss the writ of error because the bill of exceptions was not settled and signed at the term of the judgment. It was signed at the next term (something less than three months from the date of judgment), yet during the period within which "a writ of error or an appeal may lie" as provided by Rule 10, Section 2 of the District Court. The decision of this court in Merchant v. Dairymen's League, 294 F. 281, rules this motion.

The motion to dismiss is denied and the judgment below reversed with the direction that a new trial be granted.