## PUBLIC UTILITY INVESTING CORPORATION et al. v. UTILITIES POWER & LIGHT CORPORATION.
### No. 4001.

Circuit Court of Appeals, Fourth Circuit.

Feb. 22, 1936.

Garrett A. Brownback, of New York City (John S. Eggleston and McGuire, Riley & Eggleston, all of Richmond, Va., and Moses & Singer, Alfred W. Bressler,

and Travis, Brownback & Paxson, all of New York City, on the brief), for appellants.

Thomas B. Gay, of Richmond, Va. (Hunton, Williams, Anderson, Gay & Moore, of Richmond, Va., and Dwight H. Green, of Chicago, Ill., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

## PER CURIAM.

This is a suit by stockholders in a utility holding corporation to enjoin its officers and directors from registering with the Securities and Exchange Commission as required by the Public Utility Holding Company Act of 1935 (15 U.S.C.A. § 79 et seq.). The court below denied an interlocutory injunction and refused to grant a temporary restraining order pending appeal except for a sufficient length of time to enable plaintiffs to apply to this court for such restraining order. Plaintiffs appealed from this order and have applied to us for a temporary restraining order pending the hearing of the appeal. We restrained defendant from registering pending the hearing of this application.

Assuming without deciding that compliance with Equity Rule 27 (28 U.S.C.A. following section 723) is required in cases of this character and that the allegations of paragraph 20 of the bill are a sufficient compliance with the rule, we are nevertheless of the opinion that the restraining order pending appeal should be denied. Plaintiffs are clearly not entitled to injunction in the absence of a reasonable ground to apprehend irreparable injury; and we see no reason to apprehend irreparable injury in the light of the permission given to register with reservation of constitutional rights. Ryan v. Williams (C.C.) 100 F. 177.

The case is entirely different from the case of Burco, Inc., v. Whitworth et al. (C.C.A.) 81 F.(2d) 721, this day decided. There the decision whether to register or not had to be made by the District Court, and that court in making the decision necessarily had to pass on the constitutionality of the holding company act. Here the decision was made by the officers and directors of the company, and they may very well have decided that even though the act was unconstitutional, it would be beneficial to the defendant to register under it with reservation of its constitutional rights. There the expenditure of moneys for the purpose of effecting a reorganization was involved. Here the corporation is not in reorganization and it does not appear how it can be injured in any way by registering with reservation of constitutional rights; for, with such reservation, registration amounts to nothing in so far as the act is unconstitutional.

The application for restraining order pending appeal will be denied.

Restraining order denied.