ISIDOR BERNSTEIN & others *vs.* W. B. MANUFACTURING COMPANY.

Suffolk. March 10, 1920. — April 1, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & JENNEY, JJ.

*Contract*, Construction. *Words*, "Sometimes."

In a contract for the sale of wash suits, providing for "deliveries to be made about January 15, 1919," and containing a clause, "All orders accepted to be delivered to the best of our ability, but will under no circumstances hold ourselves liable for failure to deliver any portion of orders taken, sometimes caused by circumstances over which we have no control," the word "sometimes" should be interpreted to mean "now and then," "occasionally," "if at any time," and, so interpreted, the clause imposed upon the seller a binding obligation to make

deliveries to the best of his ability at the time specified in the agreement unless he was prevented by causes for which he was not responsible and over which he had no control.

CONTRACT upon a declaration in two counts, the first count being upon an account annexed for $875.50 for seventy-two dozen wash suits, and the second count being for damages for breach of a contract made on July 13, 1918, whereby the plaintiffs agreed to sell and the defendant to purchase one hundred and fifty-two dozen wash suits. Writ dated March 15, 1919.

In the Superior Court the case was tried before *Morton*, J. The material evidence is described in the opinion. At the conclusion of the plaintiffs' evidence, the judge, upon motion of the defendant, for the reason quoted in the opinion, ruled that there was no binding contract between the parties and ordered a verdict for the defendant; and at the request of the parties reported the case for determination by this court, judgment to be entered for the defendant if his ruling was right; and, if his ruling was wrong, a new trial to be ordered.

*G. V. Phipps*, for the plaintiffs.

*J. B. Jacobs*, for the defendant.

PIERCE, J. The defendant placed an order with the plaintiffs on July 13, 1918, for one hundred and fifty-two dozen wash suits of various styles and sizes, and five suits of each style number as samples; deliveries to be made about January 15, 1919, samples at once. On August 20, 1918, the plaintiffs delivered to the defendant the five sample suits of each style number mentioned in the order, and were paid by the defendant for the same on December 9, 1918. On December 16, 1918, the plaintiffs shipped to the defendant seventy-two dozen suits. Upon receipt of this shipment the defendant wrote the plaintiffs that it did not want the goods delivered before March 15, 1919. Letters were exchanged between the parties with reference to the time of delivery and manner of payment, and not reaching any agreement, on January 10, 1919, the defendant returned to the plaintiffs the seventy-two dozen suits which had been shipped to it in December, and cancelled the balance of the order in accordance with the following letter, dated January 10, 1919: "Gentlemen: We have looked over the lot of Wash Suits that you sent us and we find them unsatisfactory, and therefore can not use them. We are shipping these

back to you, also cancel any other numbers that you intend send-
ing us."

The plaintiffs brought an action against the defendant by a
writ which issued from the Superior Court on March 15, 1919.
The declaration is in two counts, the first being a common count
of debt for the contract value of the seventy-two dozen suits
shipped to and returned by the defendant; and the second, a count
for damages for the cancellation of its order and for its refusal to
receive any of the goods thereunder. The plaintiffs offered evi-
dence of the sale by auction of the suits included in the order,
and of its damages. At the conclusion of the plaintiffs' case, the
defendant moved for a verdict for the defendant on the ground
that the clause contained in the order blank of the plaintiffs, which
read, "'All orders accepted to be delivered to the best of our
ability, but will under no circumstances hold ourselves liable for
failure to deliver any portion of orders taken, sometimes caused by
circumstances over which we have no control,' imposed no obliga-
tion upon the plaintiffs to make delivery, and that the contract was
therefore void for lack of mutuality." The presiding judge "ruled
that there was no binding contract between the parties, as, by the
clause above referred to, there was no obligation upon the part of
the plaintiffs," and ordered a verdict for the defendant; and at the
request of the parties reported the case to this court upon the fol-
lowing terms: "If my ruling was right, judgment to be entered for
the defendant; if my ruling was wrong, a new trial to be ordered."

It is the contention of the defendant that "the plaintiffs had
the absolute discretion as to whether they should deliver the
merchandise or not, and the defendant could not have called
upon the plaintiffs for the delivery of the whole or any part
of his order." The defendant's position rests upon the generally
accepted legal maxim that in a bilateral agreement both the mutual
promises must be binding or neither will be, for if one of the
promises is for any reason invalid, of course the other has no con-
sideration, and so they both fall. Langdell, Law of Contracts, § 82.
*Harrison* v. *Cage,* 5 Mod. 411. *Cold Blast Transportation Co.* v.
*Kansas City Bolt & Nut Co.* 114 Fed. Rep. 77. *Velie Motor Car Co.*
v. *Kopmeier Motor Car Co.* 194 Fed. Rep. 324. *American Agri-
cultural Chemical Co.* v. *Kennedy & Crawford,* 103 Va. 171. *Froth-
ingham* v. *Seymour,* 118 Mass. 489, 494.

The offer and the acceptance in the case at bar being bilateral agreements, the question presented by the ruling is whether the clause contained in the order blank imposed upon the plaintiffs any detrimental obligation. We interpret the word "sometimes" in the clause to mean "now and then," "occasionally," "if at any time." So construed and read in its place, with the remainder of the clause, it means that performance of the agreement by the plaintiffs was not left optional with them, but was an absolute binding obligation to make deliveries to the best of their ability at the time specified in the agreement unless they were prevented from making such deliveries by causes for which the plaintiffs were not responsible and over which they had no control. It follows that the ruling was wrong, and by the terms of the report a new trial is to be ordered.

*So ordered.*