CHARLES BRODSKY *vs.* GEORGE H. MORRILL COMPANY.

Suffolk. November 9, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Contract*, Construction, Performance and breach.

In an action of contract, it appeared that the plaintiff wrote to the defendant a letter reading substantially as follows: "We will purchase of you as many of the empty Oil, Alcohol, Whiskey and Wine barrels which . . . [an employee of the defendant] showed the writer today that are stored on your yard and that you are willing to ship, at" certain prices, "and we will pay for the same in advance. We hand you herewith cheque for $500 as payment on account. We will furnish you shipping directions on or before a week from today. . . . It is understood that it is optional with you whether you sell any of the Alcohol, Whiskey and Wine barrels or not." The defendant received and cashed the check and three days later notified the plaintiff that he had decided "in accordance with the option contained in the last paragraph of our agreement . . . not to sell any of the empty barrels *referred to in that agreement.*" There was no evidence that the defendant sold the barrels to any one. The plaintiff claimed damages for failure to deliver oil barrels. *Held*, that the last paragraph of the contract, by omitting the word "oil," did not alter the express provision of the first paragraph; and that, if the defendant was not "willing to ship" oil barrels to the plaintiff, the contract did not require him to do so.

CONTRACT, upon an agreement in writing made by correspondence and described in the opinion. Writ dated March 27, 1918.

In the Superior Court the action was tried before *White*, J. The defendant received and cashed the plaintiff's check for $500 which accompanied the letter described in the opinion. On March 7, 1918, the defendant notified the plaintiff by letter that it had "not been able to decide how many [barrels] we will be able to ship

you but will have a decision in the matter not later than Saturday when we will advise you." On March 9, 1918, the defendant notified the plaintiff that it had decided, "in accordance with the option contained in the last paragraph of our agreement of March 6, 1918, not to sell any of the empty barrels referred to in that agreement," and enclosed its check for $500. The plaintiff refused to receive the check and brought this action claiming damages for failure of the defendant to deliver oil barrels.

At the close of the evidence, the plaintiff asked for the following rulings, among others:

"5. By the last clause of the agreement of March 6, 1918, the defendant was obliged to deliver to the plaintiff under the terms and conditions of said agreement all the oil barrels mentioned in said agreement.

"6. Under the terms and conditions of the agreement of March 6, 1918, by the acceptance of the $500 mentioned in said agreement on account of the purchase of the barrels, the defendant was obliged to deliver to the plaintiff all the oil barrels mentioned in said agreement."

The rulings were refused. The judge in substance charged the jury, subject to an exception by the plaintiff, that if the payment of $500, described in the opinion, "was simply to bind the bargain, there isn't anything due the plaintiff, because according to the bargain it was wholly in their hands as to how many barrels they would ship, if any," but that, if the $500 "was a payment on account" then it stood "for the payment of the number of barrels that they in the exercise of their option would ship under this contract."

The jury found for the defendant; and the plaintiff alleged exceptions.

*J. A. Daly,* for the plaintiff.

*A. A. Schaefer, (E. R. Dewing* with him,) for the defendant.

DE COURCY, J. The plaintiff seeks to recover damages for the defendant's refusal to deliver certain barrels alleged to have been sold by it, under the terms of the following letter:

"March 6, 1918.

The Geo. H. Morrill Co., Norwood, Mass.

Gentlemen: We will purchase of you as many of the empty Oil, Alcohol, Whiskey and Wine barrels which Mr. Bagley showed the

writer today that are stored on your yard and that you are willing to ship, at the following prices, delivered F. O. B. cars Morrill's, Mass.

1. Alcohol, Whiskey and Wine . . . . . . $2.10 each
2. Oil and other barrels . . . . . . . . .  2.05 each

The above prices are net and we will pay for the same in advance. We hand you herewith cheque for $500 as payment on account.

We will furnish you shipping directions on or before a week from today and the barrels are to be shipped as soon thereafter as you are able to procure the cars from the Railroad.

The barrels are to be consigned as per our instructions and all invoices and Bills of Lading are to be sent to us at 36 Harwood Street, Dorchester, Mass.

It is understood that it is optional with you whether you sell any of the Alcohol, Whiskey and Wine barrels or not.

Very truly yours,<br>
Charles Brodsky & Co.<br>
Per

M

Accepted — Geo. H. Morrill Co.<br>
°    ˉ Frederick P. Bagley<br>
Treasurer and General Manager."

On March 9 the defendant notified the plaintiff that it had decided not to sell any of the empty barrels, and returned the $500 paid on March 6.

The letter contained all the evidence of the agreement, and its construction was for the court. The question whether it constituted an enforceable contract or only an offer or option, is not raised by the exceptions, as the trial judge ruled to the plaintiff's advantage that there was a contract. See *Burgess Sulphite Fibre Co.* v. *Broomfield*, 180 Mass. 283. The question before us is, what are the obligations of the defendant and the rights of the plaintiff under the terms of the letter.

The interpretation of the first and principal paragraph is clear. The offer was to purchase as many of the empty barrels as the defendant was "willing to ship." At most this imposed on the defendant the obligation to sell to the plaintiff any of said barrels which it might sell to any one. This obligation, however, was

not broken, as there is no evidence that the defendant did sell or offer to sell any of the barrels. The next paragraph in the letter contains a reference to a "cheque for $500 as payment on account." Apparently this was on account of any barrels 'that subsequently might in fact be shipped; although the jury, to whom the trial judge left the question, by its verdict found that the $500 was paid merely to bind the bargain. The only serious doubt as to the interpretation of the agreement arises from the omission of the word "oil" in the last paragraph. This clause does not purport to alter the express contract set out in the first paragraph. If the intention was to compel the defendant to sell to the plaintiff all the oil barrels, as the plaintiff contends, presumably the letter would have so stated; and certainly the word "oil" would not have been specifically inserted in the first paragraph. In any event we cannot imply from its mere absence an obligation which to a great extent would nullify the express and clear provisions of the earlier and substantial part of the agreement.

In view of our construction of the contract, it is unnecessary to consider the plaintiff's exceptions to the judge's charge and his refusal to give the rulings or instructions requested.

*Exceptions overruled.*