ISIDOR BERNSTEIN & others *vs.* W. B. MANUFACTURING
COMPANY.

Suffolk.   March 18, 1921. — May 28, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Contract,* What constitutes, Consideration.

A merchant gave to a manufacturer orally an order for one hundred and seventy-
four dozen boys' wash suits and five sets of samples, of which the manufacturer
made a memorandum upon one of his printed order blanks containing the follow-
ing provisions: " This order is given and accepted subject to a limit of credit and
determination at any time by us." The order was not signed by the merchant.
The samples were delivered and paid for. Upon shipment of seventy-two dozen
suits, the merchant refused to accept the goods, contending that there was no
binding contract between the parties. *Held,* that

(1) Under the provisions above quoted, the manufacturer had a right to deter-
mine the contract at any time, so that the agreement was not mutually binding
and no enforceable contract was made;

(2) The delivery, acceptance and payment for the sample suits did not consti-
tute a consideration which made the agreement enforceable as a whole;

(3) It was not necessary to consider the defence of the statute of frauds.

CONTRACT for breach of an alleged contract to purchase boys'
wash suits from the plaintiffs doing business under the name and
style, the Gotham Novelty Co. Writ dated March 15, 1919.

In the Superior Court the action was tried before *Morton, J.*
The order relied on by the plaintiffs was as follows:

" Date 7/3/18 }

The Gotham Novelty Co.,
37 West 26th Street, New York
Order given by the W. & B. Mfg. Co.,
of 65 Essex          Boston, Mass.
Ship by Fall River      Delivery about Jan. 15
Terms Net 60         Salesman Henry Sturz

"All orders accepted to be delivered to the best of our ability, but
will under no circumstances hold ourselves liable for failure to
deliver any portion of orders taken, sometimes caused by circum-
stances over which we have no control.

" This order is given and accepted subject to a limit of credit and determination at any time by us.

> 174 doz. Boys' wash suits          at $16.50 a dozen
> 5 sets of samples at once."

The case previously was before this court upon a contention by the defendant that the phrase in the contract "All orders accepted to be delivered to the best of our ability, but will under no circumstances hold ourselves liable for failure to deliver any portion of orders taken, sometimes caused by circumstances over which we have no control," destroyed the mutuality of the agreement and made it unenforceable. In a decision reported in 235 Mass. 425, this court held that that contention of the defendant could not be sustained.

Other material evidence is described in the opinion. At the close of the evidence the defendant moved that a verdict be ordered in its favor. The motion was denied. The jury found for the plaintiffs in the sum of $1,171.83; and the defendant alleged exceptions.

*J. B. Jacobs & P. W. Jacobs,* for the defendant, submitted a brief.

*G. F. Williams,* for the plaintiffs.

PIERCE, J. This is an action to recover damages for the alleged breach of a contract, which the plaintiffs claim resulted from an order that the defendant admits it placed with the plaintiffs for the delivery of certain goods.

The order so given called for the sale and delivery of one hundred and seventy-four dozen boys' wash suits, and five sets of samples thereof at $16.50 a dozen. The admitted facts and evidence show that the plaintiffs delivered to the defendant on August 20, 1918, the five sets of samples called for by the order, and that it was paid therefor by the defendant in September, 1918. The evidence also shows that the plaintiffs on December 15, 1918, shipped to the defendant seventy-two dozen wash suits; that they were delivered in the shipping room of the defendant; that the defendant "opened them up" and immediately notified the plaintiffs that it would not accept the goods. A memorandum of the order was made by the representative of the plaintiffs on a printed order blank of the plaintiffs. It was not signed by the defendant, and it contained the following printed clause: "This

order is given and accepted subject to a limit of credit and determination at any time by us." At the close of the evidence the defendant excepted to the refusal of the judge to direct a verdict for the defendant.

Because of the clause above quoted the defendant contends that the agreement was invalid in its inception for want of mutuality of obligation; and rests its defence upon the accepted legal maxim that in a bilateral agreement both of the mutual promises must be binding or neither will be, for if one of the promises is for any reason invalid the other has no consideration and so they both fall. *Bernstein* v. *W. B. Manuf. Co.* 235 Mass. 425, 427. The plaintiffs admit the legal force of the rule invoked by the defendant, and reply thereto that the clause does not have the effect of reserving to the plaintiffs the right to determine the contract (which otherwise resulted from the placing and acceptance of the order) but is obviously only referable to a determination of "the limit of credit." Giving to the clause a fair construction, we think the right of "determination" was intended to embrace the "order" as well as "the limit of credit."

The plaintiffs next contend that the delivery and acceptance of five sample suits were such partial performance by the plaintiffs as afforded a sufficient consideration for the defendant's promises, even though there was no obligation to support the contract at its inception. We do not think the agreement, which was void in its inception for want of mutuality, became an agreement which was supported by a sufficient consideration upon the delivery and acceptance of part of the goods called for in the order of the defendant, because the plaintiffs were not thereby precluded from exercising their reserved option. They were not bound to fill the balance of the order unless they chose to do so, and the defendant gained thereby no additional contractual right against the plaintiffs. *Richardson* v. *Hardwick*, 106 U. S. 252, 255. *Bernstein* v. *W. B. Manuf. Co., supra*, and cases cited.

It becomes unnecessary to consider the defence of the statute of frauds. It results that the motion to direct a verdict for the defendant should have been granted, that the exceptions must be sustained, and that judgment be now entered for the defendant. G. L. c. 231, § 122.

*So ordered.*