HENRY A. McDONALD *vs.* CLARENCE B. NEEDHAM.

Middlesex.    November 10, 1925. — January 12, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Contract,* What constitutes.   *Sale.*   *Words,* "All right."

A farmer agreed to sell apples to a dealer who was to furnish boxes for them. When the apples were offered for delivery, the boxes were not full nor properly packed, and, after a discussion, the parties agreed "to call the deal off." The farmer then said he would remove the apples, and the dealer said to him that he must have the boxes within two weeks or they would be of no use to him, and if the farmer did not return them within two weeks he would have to pay twenty-two cents for each box, the cost price; and the farmer replied "all right." The boxes never were returned and the farmer refused to pay for them, stating that if the dealer wanted them he could come and get them. In an action by the dealer for the price of the boxes, it was *held,* that

    (1) The intention of the parties was a question of fact;

    (2) A finding was warranted that the parties made an express contract of sale of the boxes upon condition, whereby the plaintiff agreed to pass title, and the defendant agreed to take title and pay for the boxes at twenty-two cents each if he did not return them within two weeks;

    (3) A finding for the plaintiff was warranted.

CONTRACT upon an account annexed containing one item, "To 467 Fibopak boxes @ 22 c., $102.74." Writ in the District Court of Central Middlesex dated February 18, 1924.

Material evidence at the trial in the District Court is described in the opinion. The record states that in rebuttal the plaintiff called a witness to testify as to a conversation in September. Subject to an objection by the defendant, whose objection was stated to be that the evidence was not admissible in rebuttal, the witness was asked by the plaintiff, "Was there anything said by the plaintiff to the defendant about the cost or value of the Fibopak boxes?" and answered, "There was not."

The defendant asked for the following rulings:

"1. On all the evidence and the pleadings the finding must be for the defendant.

"2. On all the evidence the defendant did not expressly agree to purchase the Fibopak boxes, or any of them, mentioned in the declaration.

"3. On all the evidence the defendant did not impliedly agree to purchase the Fibopak boxes, or any of them, mentioned in the declaration.

"4. If the plaintiff told the defendant that if he did not return the boxes within two weeks, he would have to pay for them, the failure of the defendant to return the boxes would not be enough to warrant a finding that the defendant agreed to pay for such boxes if he did not so return them."

The judge refused to give the first and second rulings and gave the third and fourth; and found that by mutual agreement the September contract of sale of the apples was cancelled and abandoned by the plaintiff and the defendant and that the defendant was then given an option to buy the boxes at twenty-two cents each or empty them within two weeks and that the defendant accepted this option; his finding being for the plaintiff in the sum of $93.90, for four hundred and twenty-five boxes at twenty-two cents each.

At the request of the defendant, the judge reported the action to the Appellate Division of the Northern District, who ordered the report dismissed. The defendant appealed.

The case was submitted on briefs.

*J. M. Maloney*, for the defendant.

*J. D. Carney*, for the plaintiff.

BRALEY, J. The evidence of the plaintiff, an apple speculator and farmer, tended to show and the trial judge could find, that in September, 1923, he had dealings with the defendant in which it was agreed that the plaintiff was to buy the defendant's apples, the plaintiff to furnish the boxes. The plaintiff brought to the defendant's farm about seven hundred and fifty "Fibopak boxes" which the defendant was to pack with apples. The price was fixed at $1 a bushel. When the plaintiff called about November 15 over four hundred and twenty-five of the boxes had been packed, but upon inspection the boxes were not full nor the apples properly packed. The plaintiff having observed these con-

ditions, a discussion followed, and the plaintiff told the defendant he would not accept the apples unless they were repacked properly. The defendant refused to repack, and after further discussion the parties agreed "to call the deal off." The situation then was, that the defendant had the boxes filled more or less with his own apples which the defendant said he would remove although he had no other containers, and wooden boxes were hard to get at that season. The plaintiff thereupon said to the defendant that he must have the boxes within two weeks or they would be of no use to him, and if the defendant did not return them within two weeks he would have to pay twenty-two cents for each box, the cost price, and the defendant replied "all right." The plaintiff carried off the empty boxes leaving four hundred and sixty-seven boxes in the defendant's possession. The boxes have never been returned, and, upon being asked when he would pay, the defendant said he did not know, and later wrote to the plaintiff that, having consulted counsel, he did not intend to pay. If the plaintiff wanted the boxes he could come and get them.

The intention of the parties was a question of fact. Williston on Sales, (2d ed.) § 270, G. L. c. 106, § 27. And it could be found that by the words "all right," the defendant assented to, and accepted the terms proposed by the plaintiff, and that the proposal and acceptance was not an agreement to make a contract, nor an offer to return which never became binding as the defendant contends, but a contract of sale upon condition, whereby the plaintiff agreed to pass title, and the defendant agreed to take title, and pay for the boxes at twenty-two cents each if he did not return them within two weeks. *Gutlon* v. *Marcus*, 165 Mass. 335, 336. *Burgess Sulphite & Fibre Co.* v. *Bromfield*, 180 Mass. 283. *Brodky* v. *George H. Morrill Co.* 237 Mass. 86. *Bernstein* v. *W. B. Manuf. Co.* 238 Mass. 589, is on the facts of that case distinguishable from the case at bar.

The defendant's requests, that on all the evidence and the pleadings the finding must be for the defendant, and that on all the evidence the defendant did not expressly agree to

purchase the boxes or any of them, could not be given.   We find no prejudicial error in the admission of evidence.   The finding for the plaintiff discloses no error of law, and the order of the Appellate Division dismissing the report is

*Affirmed.*