Zottoli, J.
This is an action of contract to recover one hundred sixty-five dollars alleged to be due the plaintiff on a written contract between the plaintiff and the defendants which reads as follows: “In consideration of Samuel Nesson placing a 1st mortgage loan of $16,500.00 with the Bank of Brookline on the premises numbered 1087 Commonwealth Ave., Newton, Mass., for a loan term of 15 years with payments monthly on the principal and interest of *59 $126.23 plus l/12th of the real estate taxes, I agree to pay to said Samuel Nesson one per cent commission for placing said loan of $16,500.00 which commission amounts to $165.00 and is earned and payable to said Samuel Nesson when the bank either by telephone or by letter confirms the granting of the said loan. This agreement is irrevocable and I "agree to accept and sign all necessary papers for the execution of said mortgage loan. Witness my hand and seal this 28th day of March 1947. Signed — Ramon Dona-bed, Margaret Donabed. ’ ’
The answer of the defendants, so far as is now material, is a general denial. The substantive facts do not appear to be in dispute. It appears from the report that on April 3, 1947, the defendant Ramon Donabed received a letter dated April 2, 1947, from the Brookline Federal Savings and Loan Association, which, among others, contained the following: “Your application for a loan on 1087 Commonwealth Ave., Newton has been approved for $16,500.00 for the term of 15 years at 4%% subject to review as to your credit standing. An application is enclosed to be completely filled in and returned to us. . . . It is understood and agreed that this Association may withdraw its acceptance to this loan at any time prior to the full payment of the amount of the loan granted. ...”
It further appears from the report that “after receiving said letter he (the defendant) changed his mind about procuring the mortgage loan; that the property in question was sold in May 1947; that on or about April 4, 1947, plaintiff asked for his commission of $165.00; that he never paid it and that he told Nesson he would do no more business with him as he understood that the bank was paying the commission.” At the close of the trial and before final arguments the plaintiff duly made the following requests for rulings:
*60 (1.) There is sufficient evidence to warrant a finding for the plaintiff. (2.) There is sufficient evidence to warrant a finding that the plaintiff performed all his duties under the terms of the contract alleged in the declaration. (3.) Upon all the evidence it appears that the plaintiff fully accomplished the object of the contract in accordance with its terms and is entitled to recover in this action. (4.) The defendants are bound by the terms of the contract. (5.) The plaintiff having procured the mortgage loan in accordance with the terms of his employment, is now entitled to recover.
The court denied the plaintiff’s requests Nos. 1, 2 and 3 commenting as to each “see memorandum.” It granted request No. 4 and denied request No. 5, commenting “the premise is untrue.” The report further shows that the court made the following memorandum as to its decision: “The agreement, Exhibit 1 provides that the commission ‘is earned and payable to said Samuel Nesson when the bank either by telephone or by letter confirms the granting of said loan. ’ The bank did not either by telephone or by letter confirm the granting of said loan. The communication was only a qualified and revocable acceptance. . . . It was subject to review as to the defendant’s credit standing. It required the defendant to file an application the form and contents of which was not shown in evidence. It is inferrable that the property was still subject to appraisal. It permitted the prospective lender to ‘ withdraw its acceptance to this loan at any time prior to the full payment of the amount of the loan granted’ in its own discretion with or without cause. It is no wonder that the plaintiff ran around to collect his commission the day following the receipt by him of the communication from the bank. ’ ’
The plaintiff claims to be aggrieved by the disposition which.the court made of his requests for rulings Nos. 1, 2, 3 and 5. It is clear from the judge’s comments and memo *61 randum that the finding for the defendants was posited on the fact that the plaintiff had not placed the mortgage as agreed and that the bank in question had not “by telephone or by letter” confirmed the granting of said loan.
We think that it is clear from the evidence reported there is no error in the court’s treatment of the plaintiff’s requests for rulings, nor in the conclusion it arrived at. The so-called acceptance by the bank did not bind it to take the mortgage from the defendants. The question presented is not novel. The rule is well established by a variety of cases that a promise to be a good consideration for a promise must not at its inception be revocable at will or pleasure; but rather must be absolute and certain in this aspect, so that either party may bring an action upon it or neither will be bound. Bernstein v. W. B. Manufacturing Co., 238 Mass. 589. That the so-called acceptance by the bank was invalid for want of mutuality see the cases collected in the opinion filed with case No. 19995 of 1924, Douglass et al. v. Williams et al., Municipal Court of the City of Boston. In the light of these cases it is clear that the plaintiff had not carried out the terms of his agreement with the defendants and that there was no error in the denial of his requests. Report dismissed.