Michael M. KATZ
vs.
David COWLES

No. 300

District Court/Norfolk, ss.
Appellate Division/Southern District
Trial Court of the
Commonwealth of Massachusetts

September 8, 1982

**Israel J. Herzog,** counsel for plaintiff.
**Joseph R. Doktor,** counsel for defendant.

### DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Southern District sitting at Orleans upon Report from the District Court Department, Stoughton Division and it is found and decided that there was prejudicial error. It is hereby

ORDERED: That the Clerk of the District Court Department, Stoughton Division make the following entry in said case on the docket of said Court, namely: JUDGMENT FOR THE DEFENDANT VACATED; CASE REMANDED FOR A NEW TRIAL.

**Robert A. Welsh, Justice**
**Milton R. Silva, Justice**

Opinion filed herewith.

**Patricia D. Minotti, Clerk**

**Silva, J.** This is an action of contract in which the plaintiff seeks to recover $3,000.00, deposited with the defendant's agent pursuant to a purchase and sales agreement entered into between the plaintiff and defendant on or about August 12, 1980. The plaintiff's complaint alleges that the agreement contains certain conditions upon which the purchase and sales agreement were made subject, including mortgage financing and execution of a construction contract. The plaintiff's complaint alleges

that the mortgage was never obtained and that the construction contract was never entered into and the plaintiff thereupon demanded the return of the deposit, which the defendant failed to return.

Defendant's answer denies that the plaintiff never obtained a mortgage commitment and, regarding the construction contract, defendant's answer states that the defendant offered plaintiff a contract to sign.

The court found for the defendant.

At the trial there was evidence tending to show:

The plaintiff was a dentist with a practice in the town of Stoughton, Massachusetts. The defendant was a builder, real estate broker and developer in the town of Stoughton, Massachusetts. On or about August 12, 1980, the parties entered into a purchase and sales agreement for the purchase of the land and buildings at 1480 Turnpike Street, Stoughton, Massachusetts. The building located at the subject premises was a "shell building" which required substantial renovations, and certain specific renovations for the purpose of being utilized by the plaintiff as dental offices. Upon the signing of the purchase and sales agreement on August 12, 1980, the plaintiff gave the defendant's agent $3,000.00 pursuant to the agreement. Attached to the agreement and incorporated therein by reference was a three-paragraph rider as follows:

## RIDER A

"1. This Agreement is expressly conditioned upon and subject to the Buyer obtaining a direct reduction institutional first mortgage in the sum of no less than $65,000.00 upon current terms and conditions not to exceed 14-1/2%. Buyer agrees to apply for said mortgage promptly and diligently. If Buyer fails to obtain said mortgage within twenty-one (21) business days from the date of this Agreement, and so notifies the Seller or the broker in writing, then this Agreement shall be null and void and all deposits refunded. Otherwise, the provisions of this paragraph shall be deemed waived.

2. The current status and condition of the subject premises includes a shell building which has been significantly vandalized and damaged. Buyer intends to utilize certain proceeds from the mortgage to make cosmetic, structural and other improvements to create a suite of dental offices. This agreement is conditioned upon the Buyer obtaining a building and/or engineering report which indicates that the structure is basically sound to be modified into dental offices and in the event that the report indicates that there are major structural defects in the roof, foundation or other areas not contemplated by the parties entering into this Agreement, then at the Buyer's option, this Agreement shall be voided and all deposits returned.

3. This Agreement is expressly conditioned upon and subject to the Buyer entering into a construction contract with the seller or another reputable contractor for the completion of the subject premises into professional offices and the construction of all work to transform the premises into a suite of dental offices. Said work shall include all plumbing, electrical, sewer, carpentry and blacktop parking in accordance with specifications which the Buyer shall produce and prepare to present to Seller on or before September 2, 1980. Said construction contract shall include all workmanship and materials in accordance with said plans with work to be done in a workman-like manner of

acceptable quality for a total price not to exceed $28,000.00. In the event that said Agreement is not entered into between Buyer and Seller and his nominee or an appropriate contractor prior to September 2, 1980, then, at Buyer's option, this Agreement shall be null and void and all deposits shall be refunded."

Prior to the end of August, 1980, the parties mutually agreed to a 30-day extension of the time set out in Paragraph 3 of the rider for obtaining the mortgage under Paragraph 1 and the construction contract under Paragraph 3. Regarding the mortgage commitment, there was no evidence that the plaintiff ever obtained a mortgage in accordance with the terms of Paragraph 1 of Rider "A" of the purchase and sales agreement, nor was there evidence of notice in writing to the contrary. In connection with Paragraph 3 of Rider "A" of the purchase and sales agreement, the evidence tended to show that the parties never executed a written or oral agreement for the construction as specified therein.

At the close of the trial and before final arguments, the plaintiff made the following requests for rulings, after which the court made the following rulings, all as follows:

**REQUEST NO. 1:** That upon all of the evidence presented, the plaintiff is entitled to judgment.

**RESPONSE:** Denied—Court in fact finds for the Defendant.

**REQUEST NO. 2:** Upon all of the evidence presented, the plaintiff failed to obtain a mortgage under the terms as required in "Rider A" of the Purchase and Sales Agreement.

**RESPONSE:** This is a request for a finding of fact which the Court declines to make based on the voiding of "Rider A" as same was lacking in mutuality.

**REQUEST NO. 3:** Upon all of the evidence presented, the plaintiff notified the defendant or the broker in writing that he failed to obtain the mortgage commitment.

**RESPONSE:** This is a request for a finding of fact which the Court finds did not occur.

**REQUEST NO. 4:** Upon all of the evidence presented, the plaintiff never entered into a construction contract with the defendant or another reputable contractor for the completion of the premises as required by the condition contained in Paragraph 3 of "Rider A" of the Purchase and Sales Agreement.

**RESPONSE:** This is a request for a finding of fact which the Court declines to make based on the voiding of "Rider A" as lacking in mutuality in Paragraph 3 of same.

**REQUEST NO. 5:** Upon all of the evidence presented, that the defendant was ready, willing and able to enter into a construction contract does not satisfy the requirements of Paragraph 3 of "Rider A" as lacking in mutuality in Paragraph 3 of same.

**REQUEST NO. 6:** Upon all of the evidence presented, Paragraph 1 of "Rider A" of the Purchase and Sales Agreement does not specify a time period under which the buyer must notify the seller in writing of the failure to obtain a mortgage in order to void the Agreement.

**RESPONSE:** This is a request for a finding of fact which the Court declines to make based on the voiding of "Rider A" as lacking in mutuality in Paragraph 3 of same.

**REQUEST NO. 7:** The execution of Exhibit "B" and the service of the Complaint in the current action upon the defendant constitutes notice in writing pursuant to the requirements of Paragraph 1 of "Rider A" of the Purchase and Sales Agreement.

**RESPONSE:** Denied as "Rider A" is voided as lacking in mutuality.

**REQUEST NO. 8:** Upon all of the evidence presented, Paragraph 3 of "Rider A" of the Purchase and Sales Agreement is clear and unambiguous and requires the plaintiff to "enter into a construction contract" prior to September 2, 1980 (and extended to October 1, 1980), in order for the

Agreement to continue in full force and effect.

RESPONSE: Denied as "Rider A" is voided as lacking in mutuality.

REQUEST NO. 9: Upon all of the evidence presented, the plaintiff exercised his option to terminate the Agreement because the provisions of Paragraph 3 of "Rider A" of the Purchase and Sales Agreement were not expressly complied with by the parties.

RESPONSE: Denied as "Rider A" is voided as lacking in mutuality.

REQUEST NO. 10: Upon all of the evidence presented, Paragraph 3 of "Rider A" of the Purchase and Sales Agreement is not a construction contract between the plaintiff and defendant in this action.

RESPONSE: Denied as "Rider A" is voided as lacking in mutuality.

REQUEST NO. 11: Upon all of the evidence presented, the language in Exhibit "B" of the Purchase and Sales Agreement "extending . . . the time for obtaining contracts for the construction of dental offices . . ." clearly and unambiguously demonstrates that the parties had not entered into a construction agreement prior to the execution of the Extension Agreement.

RESPONSE: Denied.

REQUEST NO. 12: Upon all of the evidence presented, even if the buyer fails to produce and present to seller specifications under Paragraph 3 of "Rider A" of the Purchase and Sales Agreement, the Agreement is still expressly conditioned upon a construction contract being entered into by the buyer to include all plumbing, electrical, sewer, carpentry and black top parking.

RESPONSE: Denied as "Rider A" is voided as lacking in mutuality.

REQUEST NO. 13: Upon all of the evidence presented, "Rider A" of the Purchase and Sales Agreement is clear and unambiguous and enforceable.

RESPONSE: Denied as "Rider A" is voided as lacking in mutuality.

REQUEST NO. 14: Upon the evidence presented, the "Rider A" is not severable from the Purchase and Sales Agreement.

RESPONSE: Denied.

REQUEST NO. 15: Upon the evidence presented, if "Rider A" is unenforceable, then the entire Purchase and Sales Agreement is null and void.

RESPONSE: Denied.

REQUEST NO. 16: Upon the evidence presented, the "Rider A" is part of a Purchase and Sales Agreement which is valid and enforceable.

RESPONSE: Denied insofar as "Rider A" is voided due to lack of mutuality.

REQUEST NO. 17: Upon the evidence presented, the "Rider A" is part of a Purchase and Sales Agreement which contains mutuality of obligation and consideration.

RESPONSE: Allowed as to the Purchase and Sales Agreement, but denied as to "Rider A" which lacks mutuality.

REQUEST NO. 18: Upon the evidence presented, "Rider A" does not fail for lack of mutuality of obligation and consideration.

RESPONSE: Denied.

REQUEST NO. 19: Upon the evidence presented, defendant or his nominee did not own the property in question before December 2, 1980, and therefore could not perform the Purchase and Sales Agreement.

RESPONSE: This is a question of fact and Court finds only that Defendant was not the owner of the property before December 2, 1980.

REQUEST NO. 20: Upon the evidence presented, Paragraph 29 of the Purchase and Sales Agreement makes "Rider A" an incorporated part of the Agreement.

RESPONSE: Denied as "Rider A" lacks mutuality.

The plaintiff claims to be aggrieved by the court's rulings on Requests Nos. 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, and 20.

The plaintiff's position is that the court erred in voiding and severing the rider for lack of mutuality and enforcing the remainder of the contract. We agree.

In the interpretation of contracts, it is

necessary to ascertain the intention of the parties and give effect thereto, provided that it can be determined from the instrument and the circumstances without violating some settled legal principle. The court will look at the contract from the standpoint of the parties at the time they executed it, and the purpose they had in view in doing so. The intent of the parties thus expressed is to be carried into effect as far as consistent with rules of law. Words are to be construed in the manner in which the parties understood them; resort is to be had to every clause and word in the instrument for the purpose of ascertaining that understanding and intent, **Atwood v. Cobb,** 33 Pick 227, 229 (1835).

One of the chief tests for determining whether the contract is divisible is whether the consideration on the one side is apportioned to different covenants, or whether it is the entire consideration for all the covenants upon the other; if the consideration is apportioned, the contract is divisible, but if the consideration is not apportioned, the contract is entire. **Barlow Mfg. Co. v. Stone, 200 Mass. 158, 160 (1908).** The general rule is that where the part to be performed by one party consists of several distinct and separate items and the price to be paid is apportioned to each item according to the value thereof, and not as one unit in a whole, or a part of a round sum, the contract may and will be regarded as severable. And this rule holds true, even though the contract may be in a sense entire, if what is to be paid is clearly and distinctly apportioned to the different items as such, and not to them as parts of one whole. An important factor in the determination of the question is whether the consideration is stated to be given for each part as a separate unit or whether there is a single consideration covering the various parts. **Bianchi Bros. Inc. v. Gendron, 292 Mass 438, 444 (1935).** We find that this contract was not divisible.

The appellee suggests that the rider provision with regard to financing with a mortgage of not less than $65,000, was illusory as is the provision of Paragraph 3 with respect to a construction contract for the reason that the appellant could escape liability under the contract by simply refusing to sign a construction contract. An illusory promise is in effect a nonbinding promise, and since one party is not bound the law relieves the other party from performance on the theory that the contract fails for want of consideration. **Gill v. Richmond Co-operative Assoc., 309 Mass. 73 (1941).** Since we are dealing with an entire contract, were we to adopt the appellee's argument, the agreement of the parties would be void for want of consideration.

''(I)n a bilateral agreement, both of the mutual promises must be binding or neither will be, for if one of the promises is for any reason invalid the other has no consideration and so they both fail.'' **Bernstein v. W. B. Mfg. Co., 238 Mass. 589, 591 (1921).**

It is not uncommon for a contract for the purchase and sale of land to contain provisions referring to financing arrangements to be made by the buyer. Determination of the force and effect of such provisions involve the application of the usual rules for construction of contracts for the purchase and sale of land. Whether or not a provision in a contract for sale of realty referring to the buyer's uncompleted arrangement for financing the balance of the purchase price creates a condition precedent to performance of the contract depends primarily upon the intention of the parties as deduced from the language of the contract, the surrounding circumstances at the time the contract was executed, and the purpose sought to be accomplished.

Where a ''subject to financing'' clause is held to be a valid condition precedent, the courts have recognized that the purchaser has an implied obligation to attempt to obtain the requisite financing through the application of reasonable effort, or reasonable diligence or good faith effort or **bona fide** effort. In the matter before us the buyer expressly agreed to apply for the mortgage

promptly and diligently. If the purchaser's attempt is unavailing and the court determines that a sufficient effort was made, the purchaser is not required to perform his contractual obligations, because of the failure of a condition precedent. However, if financing is not secured as a result of what the court determines to be an insufficient effort, the purchaser's contractual performance may be enforced.

In the case of **Lembo v. Waters,** 1 Mass. App. Ct. 227 (1973), the contract in dispute contained language making performance conditioned on the defendant's procuring certain permits. The Court found that the defendant's "failure to exert every diligent effort to obtain said permits was (a) breach" and concluded "that the defendant, without legal justification, failed to perform the contract and committed a breach thereof."

We have examined this contract with due regard for the rule that the intention of the parties, drawn from the entire instrument is to be ascertained. So far as reasonably practicable it should be given a construction which will make it a rational business instrument. **Waldo Bros. Co. v. Platt Contracting Co. Inc.,** 305 Mass. 349, 355 (1940).

Where the consideration is a promise for a promise, but the promise of one party to the agreement is vague and uncertain and the contract can be cancelled at any time, the contract is unenforceable and terminable at will. **Maple Island Farm v. Bitterling,** 209 F2d 867, 879 (1954).

The financing and construction clause was inserted for the benefit and protection of the buyer and was accepted by the seller as a qualification upon his right to sell the property. A reasonable construction of the contract in question is that the sale of the land was subject to the buyer obtaining the necessary financing from a lending institution to enable him to pay the purchase price of $60,000.00, plus the improvements of $28,000.00. In order to accomplish his purpose he required at least a mortgage of $65,000.00. "We must put ourselves in the place of the parties to the instrument and give its words their plain and ordinary meaning in the light of the circumstances and in view of the subject matter." **de Freitas v. Cote,** 342 Mass. 474, 477 (1961).

"The terms 'consideration' and 'mutuality of obligation' are sometimes confused. Consideration is essential; mutuality of obligation is not, unless the want of mutuality would leave one party without a valid or available consideration for his promise.

The doctrine of mutuality of obligation appears therefore to be merely one aspect of the rule that mutual promises constitute consideration for each other. Where there is no other consideration for a contract, mutual promises must be binding on both parties. But where there is any other consideration for the contract, mutuality of obligation is not essential. Moreover, a contract does not lack mutuality merely because its terms are harsh or its obligations unequal, or because every obligation of one party is not met by an equivalent counter-obligation of the other party. **Meurer Steel Barrel Co., Inc. v. Martin,** 1 F2d 687, 688 (1924).

The trial judge, by declaring the rider portion of the contract void for lack of mutuality, in effect rewrote the contract and substituted a purchase and sale agreement, free of conditions, in place of the agreement which the parties executed. It was error to treat the rider as a separate and severable portion of the contract, rather than as a contract entire and indivisible. Even if one could reasonably conclude that rider "A" was separate and severable and therefore void for want of mutuality, rather than enforce the remaining portion of the contract, which certainly did not reflect the intention of the parties, the entire contract should have been declared void and the parties restored to their respective positions before the contract was entered into.

Whether the seller made a bad bargain

because of the inadequacy of the consideration is of no concern to us. **Dondis v. Lash,** 277 Mass. 477 (1931). The question is whether the buyer made reasonable efforts to procure financing and a construction agreement. **Sechrest v. Safiol,** 1981 Mass. Adv. Sh. 1150.

Prejudicial error having been found, judgment for the defendant is vacated and the case is remanded for a new trial.

**Robert A. Welsh**
**Milton R. Silva**

This certifies that this is the opinion of the Appellate Division in this cause.

**Patricia D. Minotti, Clerk**